WILLIAM K. WEAR, Appellant, v. THE JACKSONVILLE AND SAVANNAH RAILROAD COMPANY, Appellee.

### APPEAL FROM KNOX.

The obligee in a conditional contract is bound to perform his agreement, if the conditions specified have been complied with.

When the payee or obligee, by the terms of the contract, has the right to determine the time of the payment, or performance, he must give notice of the time to the payor or obligor, before an action can be maintained.

A demurrer to a plea, when carried back to the declaration, is joint and not several, to the different counts, and cannot be sustained unless all the counts are defective.

The defendant, after pleading the general issue, is estopped from carrying a demurrer, which the plaintiff has interposed to his other pleas, back to the declaration.

THIS was an action of assumpsit, by appellee against appellant, on the following contract:

" Farmington, August 28, 1856. We, the undersigned, do each for himself, hereby subscribe for the number of shares of the capital stock of the Jacksonville and Savannah Railroad Company, set opposite our respective names, and do hereby severally agree to pay to the order of the Directors of said Jacksonville and Savannah Railroad Company, the installments hereafter assessed thereon, as they respectively become due, and to be governed by the charter and by-laws of said company. It is conditioned, that no payment shall be required of the stockholders until the road is contracted for its grading. It is also conditioned, that no payment will be required unless said railroad shall cross the Peoria and Oquawka Railroad not less than two miles west from Elmwood.

" Shares one hundred dollars.

" Subscribers' names.

    " W. K. Wear,  -  -  -  -   20 shares."

38

The declaration contained three counts, the third being the common money count.

Defendant interposed plea of non-assumpsit, and also a special plea as follows: "And for further plea, etc., defendant says *actio non*, because he says that at the time the defendant is alleged to have subscribed, and did subscribe, twenty shares to the Jacksonville and Savannah Railroad Company, as is alleged in first count of plaintiff's declaration, it was by parol expressly agreed, by and between said plaintiff, by their agent, and defendant, that defendant should pay no part of said subscription until the Jacksonville and Savannah Railroad Company should build and complete said railroad in and through Knox county, Illinois, and have the cars running upon said road, and that defendant subscribed twenty shares to said railroad company, upon that condition and understanding, and in no other way, or manner, or agreement; and defendant avers that said Jacksonville and Savannah Railroad Company have not, by themselves or otherwise, built and completed said railroad through Knox county, Illinois; that said Jacksonville and Savannah Railroad Company have not the cars running upon said road in Knox county, Illinois, and this the said defendant is ready to verify, wherefore he prays judgment, etc."

To this plea there was interposed a demurrer, which demurrer, upon argument, was by defendant urged against the declaration, but the court overruled the demurrer as to the declaration, and sustained it as to said plea. The defendant did not plead over.

On the trial, before THOMPSON, Judge, the plaintiff proved the contract as above set out, that contracts had been made and executed for the grading, bridges, masonry, etc., of the road, and that "this road crosses the Peoria and Oquawka Railroad two miles and 109$\frac{4}{10}$ feet west of Elmwood."

The plaintiff also proved, that after the execution of the contracts for grading, etc., the following order, as shown by the books of the company, was passed by the board of directors:

July 26, 1858, it was ordered that an assessment upon all the stock subscribed, or to be hereafter subscribed, to the capital stock of said company, and on which an assessment has not heretofore been made, be payable at the office of the secretary, as follows: that all stockholders who have not been included in previous calls for payment, be required to pay on the several shares respectively subscribed by them, ten per cent. on the first of September, 1858, and ten per cent. on the first day of each and every month next thereafter; and that all persons who may subscribe stock hereafter, shall pay ten per cent. on the first day of the month succeeding the time of such subscription, and ten

per cent. on the first day of every month next thereafter; and whenever, by any stipulation, condition or agreement, the stock shall not be payable according to this or previous orders for assessment, the same shall be paid at the rate of ten per cent. on the first day of every month after the said stockholders shall be liable to pay the same according to such stipulations, conditions or agreements.

To the reading of which, defendant objected; which objection was overruled, and exception taken.

Defendant did not offer any evidence.

Verdict and judgment for plaintiff, for $1,800.

Motions for a new trial, and in arrest of judgment, overruled. Defendant appeals to this court.

MANNING & MERRIMAN, for Appellant.

GOUDY, JUDD & BOYD, for Appellee.

WALKER, J. The subscription to the capital stock of this road, upon which this suit was instituted, was not payable until it became due on an assessment to be thereafter made by the directors, and not then, unless the grading of the road was under contract. The subscription also contains a condition that no money should be paid, unless the road should cross the Peoria and Oquawka Railroad not less than two miles west from Elmwood. The evidence shows that the grading of the entire road had been contracted, and the contract partly executed, previous to any assessment on this subscription. This, we think, fully meets this condition of the subscription. The evidence also shows that the road, as located and as contracted to be constructed, crosses the Peoria and Oquawka road more than two miles west from Elmwood, and there is nothing in this record which indicates any design, by the appellees, to cross that road less than that distance west from that point. This condition, we think, refers to the final and permanent location of the road, and not to its completion, as one of the conditions was, that the money should not be payable until the grading was placed under contract. If this condition requires the completion of the road before payment, why insert the other condition? It would be wholly useless. This then fully disposes of these objections.

It is also urged, that the judgment of the court below should be reversed, because the evidence fails to show that appellant had any notice of the time when the installments, as assessed by the directors, became due. In all cases in which the parties have fixed, by the agreement, a time for its performance, the payor or obligor must take notice of the time of payment or

performance. But when the payee or obligee, by the terms of the contract, has the right to determine the time of the payment or performance, by the payor or obligor, it is necessary that he should have notice of the time, before an action can be maintained to recover on the contract. When the fact or circumstance upon which the performance depends, lies more particularly in the knowledge of the promisee than the promisor, the former must give the latter notice. Chit. on Cont. 556. In this case, the times when, and the amounts in which, this subscription was to be paid, depended upon the action of the payees, and the evidence of their determination, fixing the amounts and times of payment, was recorded in their books, under their contract, and in their possession, and that fact lay particularly in their knowledge, and they should have given notice to the appellant. *Spangler* v. *Indiana and Illinois Central Railroad Company*, 21 Ill. R. 277; *Barrett* v. *Alton and Sangamon Railroad Company*, 13 Ill. R. 504. For the want of evidence of notice of the calls, in conformity to any rules adopted by the road or otherwise, the verdict and judgment were not warranted, and were therefore erroneous.

It is likewise objected, that the court erred in not carrying the demurrer to the special plea back, and sustaining it to the declaration. The demurrer was joint, and could not be several to the different counts of the declaration, even if it could have been carried back to that pleading, and as the common counts were clearly good, the demurrer could not have been sustained unless all were defective. Again, when this demurrer was interposed, the general issue had been filed to the entire declaration, thereby traversing every material fact in its several counts. It is contrary to the rules of practice, both in courts of law and equity, to permit a party to plead and demur at the same time, to the same pleading. When a plea is filed and an issue formed to any precedent portion of the pleadings, it waives all right to demur to it, unless the plea shall be first withdrawn. There was therefore no error in refusing to sustain the demurrer to the plaintiff's declaration, as the defendant, by filing the general issue, had estopped himself from questioning its sufficiency by demurrer.

But for the error indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*