JOHN L. WILSON, who sues for the use of FRANCIS FULLER, surviving partner, etc., Plaintiff in Error, *v.* WILLARD F. MYRICK, Defendant in Error.

ERROR TO COOK.

When a plea of the general issue is filed to the whole of a declaration, a demurrer to a plea cannot be carried back to the declaration. (The case of *Wear* v. *The Jacksonville and Savannah R. R. Company*, considered and approved).

THIS was an action of debt against principal and surety on a bail bond, brought in the name of John L. Wilson, sheriff of Cook county, for the use, etc. The defendant Myrick, the surety, filed divers pleas to plaintiff's declaration, among which was the general issue of *non est factum*, upon which issue was joined. The plaintiff demurred to divers others of the pleas. Upon the argument of the demurrers, the court carried the demurrers back to the declaration, decided that it was insufficient in law, and entered judgment for defendant.

The defendant below brings the case to this court, and assigns for error that

The court erred in deciding that the declaration was insufficient in law.

The court erred in carrying back the demurrers to the pleas, and sustaining said demurrers to the amended declaration.

The court erred in giving judgment for the defendant Myrick, when, by law, judgment should have been given for the plaintiff.

The demurrers to the second, fifth, sixth, seventh, eighth and ninth pleas were carried back and sustained to the amended declaration, whereas said demurrers should have been sustained to the said pleas.

GOOKINS, THOMAS & ROBERTS, for Plaintiff in Error.

VAN BURENS & GARY, for Defendant in Error.

CATON, C. J. In the case of *Wear v. Jacksonville and Savannah Railroad Company*, 24 Ill. 593, we held that when a plea of the general issue is put in to the whole of a declaration, a demurrer to a plea cannot be carried back to the declaration, upon the well settled ground that you cannot plead and demur to the same pleading at the same time. We have in this case been requested to reconsider that decision, and we have done so with attention, and in the light of the decisions to which we were referred, holding a different rule. We are now prepared to adhere to the rule laid down in that case, as being well supported by authority, and most consistent with the philosophy of pleading. If the declaration be so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment or on error.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*