# John Goelz *et al.*

## *v.*

# Theodore Joerg.

1. Defective abstract—*presumption.* Upon an assignment of error that a demurrer to a plea was improperly sustained in the court below, it appeared the plea was not set out in the abstract, and the appellate court therefore presumed the assignment of error was regarded as not well taken.

2. Plea—*not answering the entire cause of action.* In an action of debt upon a replevin bond, it was recited in the declaration that a portion of the goods taken under the writ of replevin were, upon a trial, directed to be returned to the defendant in the replevin suit. The breach alleged was that the plaintiff in the action of replevin did not prosecute his said suit to effect and without delay, and had not made return of the property as awarded. A plea which merely averred that the plaintiff in replevin did prosecute his suit without delay and with effect, was held not to be as broad as the breach, and therefore bad.

3. Variance *between declaration and bond sued upon.* In the same suit the bond was described in the declaration as having been executed by the defendants, designating who of them was principal and who were sureties. The bond, in the penal part, described those executing it as joint obligors, without specifying who was principal and who were sureties; but in the condition of the bond the obligors were described according to the character in which they executed it—as principal and sureties—so there was held to be no variance between the declaration and the bond in that regard.

Writ of Error to the Circuit Court of St. Clair county; A. S. Wilderman, Esq., acting Judge, by consent of parties.

This was an action of debt, brought in the court below by Joerg, coroner of St. Clair county, who sued for the use of various parties, against John Goelz, Philip Schmidt and Louis Schmidt, upon a replevin bond, in which Goelz was principal and the other two defendants were sureties.

The declaration recited the bringing of the action of replevin by Goelz against one Stookey, and that under the writ in

that suit the officer took a stock of goods which was in the store of one William Dreher, together with various other articles of personal property. It was further recited that upon the trial of the suit in replevin, it was adjudged that Stookey, the defendant therein, have a return of the property in the writ and declaration mentioned which was not found to be in the plaintiff, Goelz, to wit: the stock of goods mentioned and certain furniture.

The breach alleged was that Goelz, the plaintiff in the replevin suit, " did not prosecute his said suit to effect, and without delay, against the said James Monroe Stookey, and has not made return of the said property," " the return whereof was awarded as aforesaid, part of the property so replevied as aforesaid," etc.

The defendants, among other pleas, filed the following, which was the third in the series:

"And the defendants, for further plea, say *actio non,* because they say that the said Goelz, plaintiff in the said replevin suit, did prosecute his suit without delay and with effect, and upon this they put themselves upon the country."

The court below sustained a demurrer to this plea, and that ruling is assigned as error. Other errors are assigned upon grounds which are sufficiently set forth in the opinion of the court.

The judgment below was in favor of the plaintiff. The defendants bring this writ of error.

Messrs. G. & G. A. KŒRNER, for the plaintiffs in error.

Messrs. KRAFFT, UNDERWOOD & NOETLING, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first objected that the court below erred in sustaining the demurrer to the third plea of plaintiffs in error. This

plea is not set out in the abstract, and we, for that reason, presume the assignment of error on sustaining the demurrer to it, is not regarded as well taken. The first plea was *non est factum;* the second was a plea of *nul tiel record.* On both of these pleas issue was joined. The third plea avers that plaintiff in error, Goelz, did prosecute his suit without delay and with effect, which defendant in error insists is not an answer to the entire declaration or to any of the breaches assigned. The breach assigned is that Goelz did not prosecute his replevin suit with effect and without delay against Stookey, and had not made return of the property, to wit: the stock of goods, the return whereof was awarded.

The plea is not as broad as the breach, which is that Goelz did not prosecute his suit with effect, as the court awarded the return of the goods. Although this is not the precise language of the breach, it is the substance. Had issue been taken on the plea, it would no doubt have been claimed that as Goelz succeeded as to some of the property replevied, he had prosecuted his suit with effect. This would have been narrower than the breach, and hence not a complete defense, as it purported to be, to the entire cause of action, and hence was not good.

We do not see that there was a variance between the declaration and the bond. It was set out in substance, and although the makers are, in the penal part of the bond, described as joint obligors, without saying that Goelz was principal and the others sureties, still in the condition it does appear that he was principal and the others sureties. It therefore appeared, upon the production of the bond, that it was the same described in the declaration; and it follows that there was no variance. This objection, therefore, fails.

We now come to the question upon which almost the entire stress of the argument of counsel is based; that is, whether the evidence sustains the finding of the court below. It is urged by counsel that the court below, in a written opinion, placed the recovery on the ground that the replevin bond

operated as an estoppel as to the value of the property. We find no such opinion in the record; nor is it therein stated that any other grounds were assumed than that the finding was based upon the evidence; nor is there any such opinion before us, even if we could receive it, to explain how the court below arrived at the judgment. We must take the record as we do any other, and consider what appears in it, with the usual inferences that are indulged.

There can be no pretense that the evidence is not conflicting. Two witnesses swear the stock of goods was worth from two to three thousand dollars. On the other hand, one witness fixes the value at not more than twelve hundred dollars, but thinks they were worth about eight hundred, whilst the former owner and father-in-law of Goelz puts their value at but four hundred dollars. Another witness of plaintiffs in error fixed the price at eight hundred dollars; and he says he assisted the deputy sheriff to invoice the goods; whilst others measured the goods, and gave the officer the amounts as he put them down, made the extension of the sums and added up the amount; and it was in this way he formed his opinion as to their value. This would seem to be the most satisfactory manner of arriving at their value. And he is supported by Freidlander, who had been auctioneer, merchant and salesman, and was then a constable. His opportunities of seeing and knowing the value of the goods was sufficient to enable him to form a reasonably correct conclusion. He was at the store when the levy was made, and had been in the store on numerous occasions just previous to the time of the levy. The witnesses on the part of the plaintiffs in error had no better opportunity of forming a correct estimate than this last witness, and only one of them seems to have been as well qualified to fix their value, as he was the former owner. One of the witnesses for plaintiffs in error had no experience as a merchant; and although he and the other assisted the deputy sheriff to take the invoice, they did not calculate their value or see the amount when it was added up. We, therefore, are

of the opinion that the evidence of the witnesses of defendant in error is more reliable—is based upon more accurate information; and in fact the value placed on the goods in the inventory was based upon the judgment of Ruth, who assisted in measuring the goods, gave the officer the amount, and no doubt the value. He was selling goods, and based his judgment of the value of each article at the time he examined it when assisting to make the invoice.

Again, it appears that after the goods were replevied they were sold at retail for seven or eight months, and the balance was then sold for six hundred dollars, as Dreher swears. He, however, fails to state what sum was received from retail sales during that period. Dreher's testimony is greatly impaired in its value, from the fact that he only estimates the entire stock of goods to have been worth four hundred dollars, and sales were made from the stock for several months, and what still remained were sold at auction for six hundred dollars.

All the evidence considered, we think it sustains the finding of the court below, and the judgment must be affirmed.

*Judgment affirmed.*