# AUGUST H. GEORGE

## *v.*

## JACOB BISCHOFF *et al.*

1. PLEADING AND PRACTICE—*carrying demurrer back.* Where a defendant withdraws pleas to which a demurrer has been sustained, this necessarily withdraws the demurrer, and it can not be assigned for error that the demurrer was not carried back to the declaration.

2. PLEADING—*plea must answer all it professes.* Where the breaches assigned upon an appeal bond were, the failure to prosecute the appeal with effect, the non-payment of the costs in the appellate court and in the

circuit court, and the damages awarded on dismissal of the appeal, a plea to the whole cause of action, which fails to answer the breach in not prosecuting the appeal with effect, is bad.

3. APPEAL BOND—*measure of damages.* Although the appellant may have paid the judgment or decree appealed from, and all the damages and costs in both courts, according to his bond, yet, if he has failed to prosecute the appeal with effect he will be liable upon the appeal bond for nominal damages.

4. SAME—*estoppel by recitals in.* Where a decree was appealed from by one of the several defendants, and the appeal bond recited that the decree was rendered against the appellant, and was conditioned that he would pay such decree if affirmed: *Held,* that the obligors in the appeal bond were estopped from denying the recitals in the same, or showing that the decree was *in rem,* and that in case of an affirmance the obligors were bound to pay the decree or be liable to the penalty of the bond.

5. SAME—*good, if not in statutory form.* Where an appeal bond is not in the exact form prescribed by statute, it will nevertheless be obligatory on those executing it, as a voluntary bond. In such a case the delay of the proceedings, and having the same reviewed, will furnish a sufficient consideration for the undertaking.

6. PAYMENT—*of costs—whether giving note for, is.* A party who was bound by his appeal bond to pay the costs of the cause in the circuit court, gave his promissory note to the circuit clerk for the same, and this was insisted on as a payment: *Held,* that it was no payment, as the clerk had no right to take a note for any of the costs except his own.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of debt, by August H. George against Jacob Bischoff and others, upon an appeal bond wherein Bischoff was principal.

Mr. WM. WINKELMAN, for the plaintiff in error.

Mr. NATHANIEL NILES, and Mr. JAMES M. DILL, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of debt on an appeal bond. The bond was for the penal sum of $300, and was subject to a certain

condition therein written, which recites that plaintiff in error recovered a decree in the circuit court of St. Clair county, in a proceeding wherein he was complainant and Catharina Schaefler and ten others, of whom defendant in error, Jacob Bischoff, was one, for the sum of $1135.45, from which decree Bischoff prayed and obtained an appeal to the Supreme Court, upon the usual condition he should prosecute his appeal with effect, and pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him in case the decree should be affirmed.

It is averred in the declaration, the decree of the circuit court was affirmed in the Supreme Court, with damages, and the breaches assigned in the first count are, Bischoff did not prosecute his appeal with effect, but permitted it to be dismissed for want of prosecution, and did not pay the costs in that court nor the costs of the suit in the circuit court. And the breaches in the second count are the same, with an additional one : he did not pay the decree so affirmed, or any part thereof, according to the tenor and effect of the bond. Defendants filed the plea of *non est factum*, and five special pleas, to four of which, viz: the second, fourth, fifth and sixth, a demurrer was sustained. Before the demurrer was argued, the plea of *non est factum* was withdrawn, and it is now insisted the demurrer should be carried back to the declaration. This can not be done. The record shows defendants asked and obtained leave to withdraw the several pleas to which the demurrer had been sustained. This would necessarily withdraw the demurrer also, and the defects suggested in the declaration can not be considered.

It is averred in the third plea of the original series, defendants have paid all costs and damages adjudged against Bischoff in the Supreme Court, and all the costs in the circuit court, and in the additional plea filed, that they have paid and satisfied, according to the tenor and effect of the bond, the judgment (decree) in the first count, and the decree in the second count of the declaration, and all costs, interest and

damages adjudged against him by the Supreme Court, and the costs of the circuit court.

Neither plea, upon which issue was joined in fact, answers the whole declaration, and a default might have been taken if asked for at the proper time. Certainly, as to the breach assigned, the appeal had not been prosecuted with effect. It must be conceded there has been a technical breach of the condition of the bond, in the failure to prosecute the appeal with effect, which would entitle plaintiff to nominal damages.

It is admitted the judgment for the costs and damages rendered in the Supreme Court has been fully paid; but there is a contest as to the costs in the circuit court. There is no dispute that Bischoff, by the conditions of the bond, was bound to pay them, but he insists he has done it by giving the clerk his note. This is not payment. The clerk has no right, except so far as his own costs are concerned, to take a note in payment. The taking of the note was no discharge, and indeed no satisfaction has ever been entered on the record; and under the breaches assigned, plaintiff was entitled to recover his costs in the original suit.

The principal question in the case is, whether defendants were bound to pay the amount of the decree from which the appeal was taken, or be liable to the penalty named in the bond.

It is urged by defendants, the decree was *in rem*, and was not to be performed by Bischoff; and as the master in chancery has executed the decree by selling the property, as directed, he and his surety are discharged from all liability created by the conditions of the appeal bond. This is not, in our opinion, the true construction. The bond, as set out in the declaration, distinctly states a decree had been rendered against Bischoff, from which he had prayed an appeal. The object he had in view was, to have the execution of the decree suspended until the cause could be reviewed in the Supreme Court, and the bond is expressly conditioned for the payment of the judgment, in the event the decree should be affirmed.

Defendants are estopped, by the recitals in the bond, to deny what they solemnly admit to be true, viz: the existence of a decree against Bischoff; and the legal effect of the engagement is, to pay it, in case it shall be affirmed on appeal, or be liable for the penalty of the bond.

Whether the bond is in the exact form prescribed in the statute, is immaterial. It is a voluntary bond, and is based on the valuable consideration of having the cause reviewed in the Supreme Court, and of delay to plaintiff in the execution of his decree, and is therefore obligatory on the parties executing it, and availing of the benefits conferred. *Smith* v. *Whitaker*, 11 Ill. 417; *Arnott* v. *Friel*, 50 Ill. 174.

Under the construction we have given to the bond, the instructions given for the defendants were erroneous, and calculated to mislead the jury. On another trial, if one shall be had before a jury, the court will make the instructions conform to the views expressed in this opinion.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*