JAMES MIX *et al.*

*v.*

THE PEOPLE, for use, etc.

1. PLEADING—*plea of general performance in suit on bond where particular breach assigned.*   In an action of debt on a bond where a particular breach is assigned, it should be answered by the plea, and a plea of general performance is not sufficient.

2. APPEAL BOND—*good common law obligation, though not conditioned as required by statute.*   A bond voluntarily executed in consideration of an appeal from a judgment of the circuit court to the Supreme Court, the effect of which is to stay proceedings on the judgment, and the execution of which is neither prohibited by statute nor contrary to the policy of the law, is a good common law obligation, although the conditions may not have been directed by the court, nor in accordance with the requirements of the statute.

3. SAME—*on appeal from judgment against land for taxes.*   Where the condition of an appeal bond, on an appeal from a judgment against real estate for taxes, is that it shall be void if the appellant prosecute his appeal with effect, and pay whatever judgments, costs and damages shall be awarded against the land, a suit can be maintained against the obligors in case the appeal is not prosecuted with effect, notwithstanding the remedy against the land still remains unexhausted.

4. SAME—*obligor estopped to deny recital in.*   Where an appeal bond recites the rendition of the judgment appealed from, the obligors are estopped to deny that there was such a judgment, when sued upon the bond.

5. PLEA—*should answer all material averments.*   Where the condition of an appeal bond sued on was that it should be void if the appellant prosecuted the appeal with effect, and paid whatever judgment should be rendered, etc., and the declaration contained an averment that the appellant did not prosecute the appeal with effect, a plea that the judgment appealed from was not affirmed, but which fails to answer the averment as to the appeal not being prosecuted with effect, is bad.

6. DEMURRER—*can not be carried back over plea of non est factum.*   A demurrer to a plea in an action of debt on a bond can not be carried back to the declaration over the plea of *non est factum.*

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellants.

Mr. DANIEL H. PADDOCK, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of debt, on a bond executed by appellants in prosecuting an appeal from a judgment for delinquent taxes, in the circuit court, to this court.

The declaration contains two counts, in both of which breaches of the condition of the bond are specially assigned. Appellants pleaded *nil debet, non est factum*, general performance, and three special pleas numbered respectively 4, 5, and 6. Demurrer was sustained to all of the pleas, except that of *non est factum;* and the questions for our consideration arise upon this ruling of the court.

It is conceded *nil debet* was not a proper plea, and that the demurrer to it was properly sustained.

The plea of general performance was clearly bad. A particular breach of the bond having been assigned in the declaration, the plea should have answered it. *Bradley* v. *Osterhoudt*, 13 Johns. 404; *The People* v. *McHatton*, 2 Gilm. 731.

The substance of the special plea numbered 4 is, that the judgment appealed from was against the lands, and was not for the payment or recovery of money against the principal obligor in the bond, and that the conditions of the bond were not directed by the court, nor are they in accordance with the requirements of the statute.

The bond was voluntarily executed. It was executed in consideration of the appeal, and the effect of the appeal was to stay proceedings on the judgment. This was a sufficient legal consideration; and, since the execution of the bond was neither prohibited by statute nor is contrary to the policy of the law, it is a good common law obligation. As we

said in *Courson* v. *Browning*, 78 Ill. 210, Mix "used this appeal bond to procure a trial in this court, and his security enabled him to do so by joining in its execution; and, having obtained all the benefits of the bond, they should be estopped from denying that it is a binding obligation, unless it contravenes some statute or some rule of public policy, neither of which was done by the execution of this bond." In *George* v. *Bischoff*, 68 Ill. 236, the same character of objection was urged against a recovery on an appeal bond, and it was overruled upon the ground that it was, at all events, binding as a common law obligation. See, also, *Pritchett et al.* v. *The People*, 1 Gilm. 525.

The plea was bad, and the demurrer was properly sustained to it.

The special plea numbered 5 presents the question whether, the judgment in the circuit court being against the lands only, the obligors can be made to respond until the remedy against the lands is exhausted.

It would seem sufficient that the undertaking of the parties is not to pay the judgment upon condition it should not be satisfied upon the sale of the lands, but that the undertaking was to be void upon condition that Mix should prosecute his appeal with effect, and should pay whatever costs, judgment and damages should be awarded against the lands, etc., in case judgment should be affirmed — otherwise it was to remain in full force and effect. We know of no authority or reason for importing other and different conditions into the obligation than those placed there by the parties themselves.

The fact that the judgment is *in rem* can make no difference, since the law no more prohibits parties from making contracts and regulating their terms in regard to such judgments than it does in regard to judgments *in personam*. Suppose there was a remedy here to collect the judgment by selling the lands, so there is a remedy by execution to collect judgments *in personam*. But it surely was never heard of as a defense to an appeal bond given in a case

where the judgment appealed from was personal, that the party had property out of which the judgment could have been satisfied on execution. The parties, in all such cases, are bound by the terms of their contract — they must pay, upon the occurrence of the contingencies upon which they agree to pay.

The plea numbered 6 denies that there is any record of the judgment recited in the appeal bond, that any such judgment was affirmed in this court, and that there is any record of the affirmance of such judgment in this court. By the recitals in the bond, appellants are estopped to deny the existence of the judgment appealed from. *George* v. *Bischoff, supra,* and *Herrick et al.* v. *Swartwout,* 72 Ill. 341. The suit is not upon the record, but upon the bond, and *nul tiel record* is not a proper plea. *Herrick et al.* v. *Swartwout, supra; Arnott et al.* v. *Friel,* 50 Ill. 175. Rejecting as surplusage such of the allegations as may be regarded as an attempt to plead *nul tiel record,* the remaining allegation, that the judgment was not affirmed in this court, is not an answer to the whole declaration, which the plea professes to be, since it leaves the allegation that Mix did not prosecute his appeal with effect unanswered. *George* v. *Bischoff, supra; Goelz et al.* v. *Joerg,* 64 Ill. 114. The demurrer was properly sustained to this, as also to the other special pleas.

A point is made, in appellants' argument, that, conceding the demurrer to the pleas to be well taken, it should have been carried back to the declaration.

This, doubtless, is not seriously urged, as no motion was made to carry the demurrer back to the declaration, and there remained on file, after the demurrers were sustained, the plea of *non est factum,* unobjected to and unobjectionable, over which the demurrers could not be carried. *Wear* v. *The Jacksonville and Savannah Railroad Co.* 24 Ill. 593; *Wilson et al.* v. *Myrick,* 26 id. 35; *Schofield* v. *Settley et al.* 31 id. 515; *Ward* v. *Stout,* 32 id. 408.

The objection that there is a variance between the allega-

tions and proofs is not sustained by an examination of the record. Upon an examination of the record the discrepancies between the allegations and proofs disclosed by the abstracts are not discovered. It is suggested, and we have no doubt truly, that the error in the abstracts, and by which counsel was misled, resulted from making the abstracts before the transcript of the clerk was compared with the originals and corrected.

We are unable to discover any substantial error in the record, and the judgment must be affirmed.

*Judgment affirmed.*