JAMES A. LARSON ET AL.

V.

JAMES LAIRD, FOR USE, ETC.

*Practice—Execution—Replevin*—Nul Tiel *Record—Action on Replevin Bond—Costs*.

1. In an action on a replevin bond, a plea of *nul tiel* record which answers the declaration in part only, is demurrable.

2. A judgment debtor who, under an execution, has turned out property to the sheriff. who has levied thereon, can not recall such property and turn out real estate instead.

3. In an action on a replevin bond given in replevin of property levied on under execution, plaintiff may recover the costs incurred by the judgment debtor in the action in which the judgment was recovered.

[Opinion filed May 28, 1890.]

APPEAL from the County Court of Iroquois County; the Hon. ALEX. L. WHITEHEAD, Judge, presiding.

Mr. C. H. PAYSON, for appellants.

Messrs. HARRIS & HOOPER, for appellee.

LACEY, J.   This was an action of debt brought on a replevin bond given by the appellants, James A. Larson and Lemuel Milk, dated October 23, 1888.   James Laird, the obligee and

appellee, was the coroner of said county, and the real usee, Samuel E. Grove, was then sheriff, and Thomas James, the usee, a judgment creditor. The declaration shows that on the 29th of October, 1888, appellant Larson sued out of the Circuit Court a writ of replevin, and placed it in the hands of the coroner, appellee, to execute against the sheriff, Grove, who held, under execution in favor of one Thomas James, 2,000 bushels of oats claimed by appellant Larson, and the bond was given in pursuance of the statute in such cases, preliminary to the execution of the replevin writ. The bond was in the penal sum of $600, and conditioned that if appellant Larson should prosecute his suit with effect and without delay, and make return of the said property, if return thereof be awarded, and pay all costs, etc., then the obligation to be void, etc.

The oats were accordingly replevied by the coroner, and placed in the hands of the appellant Larson. It was averred that the said Larson did not prosecute said suit with effect and without delay ; that at the March term, 1889, Larson dismissed his replevin suit, and that the court awarded a return of the said goods, and that appellant Larson pay the costs of the suit; that Larson did not make return of the said goods or any part; third breach, that the amount of the costs awarded against Larson had not been paid, and for a further (fourth) breach, declaration avers that said writ was wrongfully sued out, and said Thomas James, by reason thereof, suffered a large amount of damages, to wit, $400, and that the same or any part thereof had not been paid; and for a further (fifth) breach, appellee averred that the said James recovered at November term, 1887, of the said Circuit Court, a judgment against the said Larson for $151.97 and costs of said suit, taxed $49.64 ; that said James sued out a writ of execution directed to the sheriff of said county ; that on October 22, 1888, the sheriff levied on the oats in question, and that these were the oats replevied ; that James had been unable to collect the said judgment and costs, and that he had been greatly damaged.

Upon pleas and replication being filed, and issue joined, the case was tried in the County Court by a jury, and verdict was

returned in favor of appellee for $600 debt, and $233.96 damages. Motion for a new trial was overruled and judgment rendered on the verdict, from which judgment this appeal is taken.

Among the causes of complaint is the action of the court in sustaining the demurrer to the second plea, which was a plea of *nul tiel* record, as to the recovery in the first, second, third and fifth breaches mentioned in the Iroquois County Circuit Court, *i. e.*, the dismissal of the replevin suit and the judgment of return thereon, the judgment of costs against Larson, and the recovery by James of the judgment against Larson set out.

We think the demurrer was properly sustained to this plea. One of the special causes assigned for the demurrer was that the plea attempted to answer the whole declaration when in fact it answered only a part. The first breach was that appellant Larson failed to prosecute his suit without delay, and the second was that appellant Larson failed to make return of the goods and chattels awarded to be returned. The plea, then, as a plea attempting to answer the entire declaration and all the allegations thereof, was a failure. It answered certain record proofs which must be verified by the record, but not the entire declaration and material allegations thereof. Arnott v. Friel, 50 Ill. 174; Goelz et al. v. Joerg, 64 Ill. 114; Mix et al. v. People, 86 Ill. 329.

It appears, as we think, from the evidence, that when the sheriff called on Larson with the execution in favor of James, that the former turned out to him on the execution the oats in question, which the sheriff then and there levied upon.

Afterward the appellant Larson desired and requested of the sheriff to release the oats and allow him to turn out real estate, claiming his right under the statute. This we think he had no right to do; after once exercising his option and turning out the oats on the execution, he could not recall it and claim his right under the statute.

Besides, we find no evidence in the record that he ever tendered to the sheriff any unincumbered real estate, or in fact any real estate. It appears also that his real estate was incum-

Larson v. Laird.

bered by a mortgage. In this view of the law there was no error in the appellee's 5th and 7th instructions. The gist of those instructions was that if the oats were turned out by appellant Larson to the sheriff and levied upon, then the appellee should recover, and that the burden of proof was on the appellant to show that Larson did not turn out the oats on the execution. We see no error in this, as above stated.

It is also insisted that the appellee could not recover any costs in the suit of James v. Larson, but his own. It is urged that James, in that suit, was only liable for his own costs, and upon no principle could he recover the costs made by Larson in the Circuit Court. We think the point not well taken. The coroner could bring the suit for all the parties interested. The legal right of action was in the coroner, and he can sue for the entire amount due to any person. "It is no concern of the defendant for whose use the action may be brought, and it is not necessary that any one for whose use a suit may be brought should have any interest or connection, otherwise, with the subject of the suit." Atkins v. Moore, 82 Ill. 240; Northrop v. McGee, 20 Ill. App. 108; Blachford v. Boyden, 18 Ill. App. 378. The sheriff had the oats levied on, and if they had been sold under the execution, all parties interested in the costs, as well as James, would have been entitled to receive their respective amounts from the sheriff. The execution was a lien on the oats for the entire amount of the execution and fee bill, and when they were wrongfully taken by Larson, he deprived the sheriff and all other parties interested of the means of making their respective claims. We therefore think the coroner should recover for the benefit of all concerned and there was no error in his doing so.

There being no errors in the record the judgment is affirmed.

*Judgment affirmed.*