## L. L. Leach & Son v. Alphons Custodis Chimney Construction Co.

1. PLEADING—*When Work under a Contract is Done and Payment Alone Remains to be Made, It May be Recovered on the Common Counts.*—When the work contracted to be done under a contract is done and nothing remains except to pay for it, a recovery may be had on the common counts.

Leach & Son v. A. Custodis Chimney Construction Co.

2. SAME—*Performance of Work Contracted to be Done May be Proved under the Common Counts.*—Performance of the work contracted to be done under a contract may be proved under the common counts.

Assumpsit, on the common counts. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 12, 1903.

JOHN M. GARTSIDE and JAMES M. GWIN, attorneys for appellant.

SIGMUND ZEISLER, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant on the following writing:

"CHICAGO, May 20, 1901.
MESSRS. ALPHONS CUSTODIS CHIMNEY CONSTRUCTION CO.,
Bennett Building, New York City, N. Y.

GENTLEMEN :—We accept your price of forty-two hundred and fifty dollars, to build complete, on the foundations that are completed, from drawings furnished by you at the Power House for steam engineering in the Brooklyn Navy Yard, Brooklyn, N. Y., one of your · Alphons Custodis Chimneys, including the connecting flue to the building, as shown on your drawing No. 1017, you to furnish all material and labor required to complete this chimney to the entire satisfaction of the engineer in charge and ourselves.

You are to commence work on this chimney at once and complete same in six weeks from this date. We agree to pay you in the manner following: That is to say, eighty per cent (80%) of the value of the materials so furnished and labor performed and completed as the same shall be furnished, performed and completed from time to time, and at such time or times as we shall receive from the government our payments under our original contract, and the remaining twenty per cent (20%) when the chimney is completed and accepted by the government, and we have received full payment under the original contract.

Yours truly,
(Signed) L. L. LEACH & SON."

340    APPELLATE COURTS OF ILLINOIS.

VOL. 110.]    Leach & Son v. A. Custodis Chimney Construction Co.

The declaration contained the common counts only, to which appellant pleaded the general issue. The jury found for the appellee and assessed its damages at the sum of $4,250, and judgment was rendered on the verdict. The action was brought on the theory that appellee did the work in accordance with the terms of the foregoing writing, and that nothing remained to be done but payment by appellant.

The contentions of appellant's counsel are, that the chimney was not finished within six weeks from May 30, 1901, the date of the contract; that the government did not accept the chimney, and did not pay appellant, and that appellee did not line foundation or complete the work to the entire satisfaction of the engineer in charge. It appears by the acceptance of appellant's proposition as to price that the foundation was completed, and from the evidence that appellee went on and did the work, after receiving appellant's communication of May 20, 1901, above quoted, thereby accepting the terms mentioned in the communication. The communication expressly states that "the foundations are completed," and appellee had the right to rely on that statement. Conrad Worms, appellee's general manager, called by appellant, testified that the foundation was not complete without the lining in; but this does not affect the question, because appellee was only bound to do the work in accordance with the terms of appellant's communication of May 20th, which required only that the chimney should be built on foundations stated by the communication to be completed. If they were not completed, it was incumbent on appellant to complete them, which, as appears from the evidence, appellant did. The chimney was completed August 20, 1901, according to the drawing 1017, mentioned in the communication. If it was so accepted and paid for by the government, it is immaterial that it was not completed in six weeks from the date of the contract, time not being of the essence of the contract, and no damages by reason of the delay having been claimed. The evidence tends to show that the government paid appellant for the

work and that appellant promised to pay appellee after such payment by the government.

The following letters were written by appellant to appellee:

"CHICAGO, September 7th, 1901.

MESSRS. ALPHONS CUSTODIS CHIMNEY CONSTRUCTION CO.,

Bennett Building, New York, N. Y.

GENTLEMEN:—We are in receipt of your favor of the 5th instant and in reply will say that the delay in answering your former letters was caused by the absence of the members of our firm from the city.

We are expecting an estimate this month and will immediately forward you a check on receipt of the same.

Hoping this is satisfactory, we are,

Yours very truly,

L. L. LEACH & SON.

N. B.—Since writing the above we had a visit from your Mr. Johnson, to whom we explained the position thoroughly, and no doubt he will communicate with you.

L. L. LEACH & SON."

"CHICAGO, Sept. 11th, 1901.

MESSRS. ALPHONS CUSTODIS CHIMNEY CONSTRUCTION CO.,

Bennett Building, New York, N. Y.

GENTLEMEN:—We acknowledge the receipt of your favor of the 9th instant and would say your Mr. Johnson called here yesterday and had an interview with our Mr. L. L. Leach, who explained to him fully the situation.

You can rest assured that we will send you a check on account of this work at the earliest possible moment.

Respectfully yours,

L. L. LEACH & SON."

J. P. Johnson, a Chicago representative of appellee, testified that September 10 or 11, 1901, he had a conversation with Leach, Sr., regarding payment for the chimney, and that he told Leach that he, witness, had been requested "to call and see him and ask for payment on the chimney that was long overdue, and he said he knew it was, but he had paid out the money; that he hadn't any money; if he had, he would be very glad to pay it;" that about September 25, 1901, witness again conversed with Mr. Leach, and said to him that the government had passed payment on the chimney over a month ago, and that Leach promised to pay

342     APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Leach & Son v. A. Custodis Chimney Construction Co.

$2,500 in a week; that witness again saw him October 2, 1901, and he, Leach, promised to send $2,500 to appellee that evening. The witness further testified that he was present at a conversation between Mr. Worms and Leach, in which Worms asked Leach why he had not paid appellee, that he had received money from the government, and that " Mr. Leach said he knew he had, but his son was away at the time, and that he had paid the money out, and he had not enough to go round to everybody." Conrad Worms, appellee's manager, testified that October 10, 1901, he had a conversation with Mr. Leach, in the presence of the witness, Johnson, when he, Worms, said to Mr. Leach, " Mr. Leach, you got the money from the government, why don't you pay us ? " and that Mr. Leach said, " At the time I got the money my son was not here and I paid the money out." The witness Worms also testified that he visited the Brooklyn Navy Yard in October and December, 1901, and that the chimney was in use there in both those months. The testimony of the witnesses Worms and Johnson as to conversations with Leach is uncontradicted. The evidence fully warranted the jury in finding that the chimney was fully completed in accordance with the contract, and that the government accepted it and paid appellee for it.

But appellant's counsel contend that there can be no recovery on the common counts, and in the absence of a special count averring fulfillment of the conditions mentioned in the contract. Indeed, appellee's counsel seem to rely mainly on this contention, saying in their argument, " The case is submitted to the court on a question of pleading." We understand the rule to be that when the work contracted to be done is done, and nothing remains except to pay for it, a recovery may be had on the common counts. Mount Hope Cemetery v. Weidenmann, 139 Ill. 67, 74, and cases there cited.

It is well settled that performance of the work, which is the most important condition precedent to payment, can be proved under the common counts, and we can not conceive of any good reason why the other conditions speci-

fied in the contract can not also be proved under the common counts.

The evidence shows that the work was completed in accordance with the contract, and that all the conditions of the contract on which payment was to be made were fulfilled, and that nothing remained to be done except payment by appellant to appellee of the sum which the former agreed to pay.

The judgment will be affirmed.