## J. G. McCarthy v. Alphons Custodis Chimney Construction Company.

### Gen. No. 12,082.

1. FOREIGN CORPORATION—*when failure to comply with act of May 26, 1897, cannot be relied upon.* In an action upon an appeal bond, the non-compliance of a foreign corporation (plaintiff) prior to having obtained the judgment upon which the bond was given, is not a defense.

2. FOREIGN CORPORATION—*what not, to "transact business" within meaning of act of May 26, 1897.* To take an appeal bond from a judgment obtained by it, is not to "transact business" within the meaning of the act of May 26, 1897.

3. FOREIGN CORPORATION—*when may maintain action in this State.* If a foreign corporation has complied with the act of May 26, 1897, at the time of bringing suit, its status is established and it is entitled to maintain the same.

4. APPEAL BOND—*obligors on, estopped to deny judgment recited therein.* The obligors on an appeal bond are estopped to deny the validity of the judgment recited therein.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1904. Affirmed with damages. Opinion filed October 16, 1905.

JOHN E. DALTON and JOHN S. STEVENS, for appellant.

ZEISLER, FARSON & FRIEDMAN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellant in this case is a surety on an appeal bond of $6,500 given by L. L. Leach & Son, a corporation, to the appellee, conditioned to pay the amount of a judgment against said L. L. Leach & Son for $4,258.25 and costs (rendered in favor of the appellee in the Superior Court of Cook county

in February, 1902) in case said judgment should be affirmed in the Appellate Court. The judgment was duly affirmed in this court, (110 Ill. App., 338) but was not paid. Thereupon the appellee sued the appellant on the appeal bond in the Superior Court. The appellant filed three pleas, to the effect that the appellee was a foreign corporation, and that before and at the time of the execution of the appeal bond it had been transacting business in Illinois, but had not filed in the office of the Secretary of State of Illinois a copy of its charter, or articles or certificate of incorporation, nor received from the Secretary of State any certificate authorizing it to do business in Illinois; and that the appeal bond sued on "arose out of" business transacted by the appellee with L. L. Leach & Son during the time it was not authorized or permitted by statute, by reason of such default, to maintain any action in the Superior Court; wherefore the judgment and the bond were wholly void.

A general demurrer was sustained by the Superior Court to these pleas, and the appellant elected to stand by them. Judgment was therefore rendered against him in favor of the appellee for $6,500 debt and the damages assessed at $4,706.25. From this judgment the appellant appealed to this court and has assigned here for error the sustaining of the demurrer to the pleas.

The demurrer was plainly properly sustained. The contention of the appellant seems to be based on the assumption that the judgment for the payment of which the bond was given is void because of the facts set forth in the pleas. This is not true. If when a foreign corporation sues in this State it has not complied with the Act of 1897 as amended, it is a matter of defense in that suit, which must be in some way called to the attention of the court to defeat a judgment. If such a suit goes to judgment without the question being raised in the lower court, the judgment cannot be questioned in an appellate court because of the absence of such compliance, even in an appeal taken in the same case. Holmes v. Standard Oil Co., 183 Ill., 70. This is plainly consistent with right reason as well as authority. Any other rule would

McCarthy v. Construction Company.

be absurd.   Even more absurd would it be to hold that an appeal bond reciting such a judgment should be held void as without consideration, or as on an illegal consideration because of a showing made in the suit on the bond that the original judgment was erroneously given on account of such non-compliance with the statute by the plaintiff.   Either the question had been raised and disposed of by the court adversely to the defendant—in which case such disposition was certainly conclusive in a collateral matter, and the judgment secure against any collateral attack—or it was not raised, and therefore could not be thereafter raised either directly or collaterally.

Nor is this all.   The obligors in an appeal bond are in any event estopped to deny the validity of the judgment recited in it.   Smith v. Whitaker, 11 Ill., 417; George v. Bischoff, 68 Ill., 236; Meserve v. Clark, 115 Ill., 582; Harding v. Kuessner, 172 Ill., 125.   It therefore would have made no difference even had the judgment been void.   Its existence and validity could not even then have been questioned by the appellant in this action.

If the contention of the appellant should be considered to rest on the proposition that the act of taking an appeal bond was "doing business" in the State and therefore an illegal act, because at that time no certificate had been filed, and that in consequence no action could arise based on it, it would be equally untenable.   First, it is entirely clear that to take such a bond is not to "transact business" within the meaning of the statute; and, secondly, it is the status of the corporation at the time that it brings the suit on a demand or tort, that determines its right to maintain the suit.   This is the plain meaning of the statute, and so the Supreme Court construes it in Thompson Co. v. Whitehed, 185 Ill., 454.

The court is of the opinion that the inference is warranted from the record that this appeal was prosecuted for delay, and therefore affirms the judgment, with additional damages of $212.91 (being 5 per cent. of the damages assessed below) in addition to the costs.

*Affirmed with damages.*