JACOB HENNING, Appellant, *vs.* MARSHALL E. SAMPSELL, *et al.* Appellees.

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

1. ARREST OF JUDGMENT—*when motion in arrest should be sustained.* In an action of tort against several defendants, if the declaration does not state a cause of action against all of the defendants against whom the verdict is returned, the court should sustain a motion in arrest of judgment made by any defendant against whom a cause of action is not stated.

2. SAME—*when insufficiency of a declaration may be taken advantage of by a motion in arrest.* If a declaration is so defective that it will not sustain a judgment its insufficiency may be taken advantage of by motion in arrest of judgment, and as such motion is based upon the record proper, the court will not look into the evidence in considering it.

3. SAME—*effect where a motion in arrest is verbal.* Where a motion in arrest of judgment is verbal and the reasons are not specified, if the trial court does not make any requirements that the motion be put in writing or the specific grounds therefor stated, it will be presumed, on appeal, that every proper reason for arresting judgment was presented to the court.

4. RECEIVERS—*lessor street railway company not liable for negligence of lessee's receivers.* While the corporation owning a street railway and franchise, which it leases to another corporation, is liable for the negligence of the lessee corporation or its servants in operating the road, yet it is not liable for an injury due to the negligence of the receivers of the lessee company while they were in possession of the road.

5. SAME—*a corporation and its receivers cannot both be in possession of street railway.* An averment that a street railway corporation was possessed, by its receivers, of a street railroad and operating the same, charges a legal impossibility, since after the appointment of receivers the corporation has no possession or control of the property nor any voice in the selection of the servants or power to direct their acts.

6. WAIVER—*when right to question sufficiency of declaration is not waived.* The fact that at the close of the evidence in an action of tort the attorney for the defendants makes an admission of matters of fact which might have been proved does not waive the right to question the sufficiency of the declaration by motion in arrest of judgment. (*Eckels* v. *Muttschall,* 230 Ill. 462, distinguished.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

BOWLES & BOWLES, for appellant.

JOHN A. ROSE, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Jacob Henning, the appellant, recovered a judgment on the verdict of a jury in the superior court of Cook county against the Chicago West Division Railway Company, John C. Fetzer, Marshall E. Sampsell and James Eckels, receivers of the Chicago Union Traction Company, and John C. Fetzer, Henry A. Blair and Marshall E. Sampsell, receivers of the West Chicago Street Railway Company, appellees, for the sum of $5000, which the judgment directed to be paid in due course of administration. From that judgment an appeal was taken by the appellees to the Appellate Court for the First District, and that court concluded that the declaration did not state a cause of action and therefore did not warrant the judgment, and that the trial court erred in overruling a motion in arrest of judgment and entering judgment on the verdict. The court reversed the judgment and remanded the cause to the superior court of Cook county. The appellant, Jacob Henning, moved the Appellate Court to strike out the remanding order and to grant him an appeal to this court. His motion was allowed, and the remanding order being vacated, an appeal to this court was allowed and perfected.

The summons was issued in an action of trespass on the case against the above named parties, the Chicago West Division Railway Company, John C. Fetzer, Marshall E. Sampsell and James H. Eckels, receivers of the Chicago

Union Traction Company, and John C. Fetzer, Henry A. Blair and Marshall E. Sampsell, receivers of the West Chicago Street Railway Company, and they were all served. The original declaration contained two counts and a third or additional count was afterward added. Separate pleas of the general issue were filed by the several defendants, the Chicago West Division Railway Company, the receivers of the Chicago Union Traction Company and the receivers of the West Chicago Street Railway Company. On the trial, at the close of the evidence, each defendant moved the court to direct a verdict of not guilty as to such defendant and tendered an instruction for that purpose, but the motions were denied and the instructions refused. After verdict each of the defendants made a motion for a new trial and the motions were denied, whereupon they each moved the court to arrest judgment on the verdict. The court denied the motions and the defendants severally excepted.

The first count of the declaration alleged that defendants were possessed of a street railroad system in Chicago and were street railroad corporations; that the Chicago Union Traction Company, by its receivers, was possessed of and operating a street railroad on West Madison street under a lease from the West Chicago Street Railway Company, which came into possession by virtue of a lease from the Chicago West Division Railway Company; that said defendants were possessed of a grip-car, with trailers attached thereto, running on said street, which were under the care and management of divers then servants of the defendant the Chicago Union Traction Company, and while the plaintiff with all due care and diligence was driving a horse hitched to a cart or wagon in which he was riding on and along said street, and while crossing the track of the defendants' car line, the defendant the Chicago Union Traction Company, by its servants, so carelessly and improperly managed and drove its said grip-car and train of

cars, that by and through the negligence and improper conduct of the defendant the Chicago Union Traction Company, by its servants in that behalf, the said grip-car and train of cars ran and struck upon and against the wagon, throwing the plaintiff out and causing injuries for which the suit was brought.

The second count alleged that defendants were street railroad corporations, and as such the Chicago Union Traction Company was possessed of, operating and using the street railroad under a lease from the West Chicago Street Railway Company, which came into possession of the street railway under a lease from the Chicago West Division Railway Company; that the defendants were possessed of a grip-car, with trailers attached, running on and along West Madison street, which grip-car and trailers were then and there under the care and management of divers then servants of the defendant the Chicago Union Traction Company, and while the plaintiff with due care was driving on the street and in the act of turning north and crossing the east-bound track, the defendant the Chicago Union Traction Company, by its servants, so carelessly and improperly managed and drove its said grip-car and train of cars to and upon the plaintiff without ringing any gong or sounding any warning of the approach of said cable car, that by and through the negligence and improper conduct of the defendant the Chicago Union Traction Company, by its servants in that behalf, the said grip-car or train of cars struck the wagon, throwing plaintiff out and injuring him.

The third or additional count alleged that the defendants were possessed of a railway system in the city of Chicago; that they were street railroad corporations, and as such the Chicago Union Traction Company, by its receivers, was possessed of, using and operating a street railroad on West Madison street by virtue of a lease from the West Chicago Street Railway Company, which came into possession of the tracks by virtue of a lease from the Chicago

West Division Railway Company; that defendants were possessed of a certain cable or grip-car, with trailers attached thereto, running on West Madison street, which said grip-car and trailers were then and there under the care and management of divers then servants of the defendant the Chicago Union Traction Company, who were then and there driving the same upon and along the tracks of defendants on West Madison street, and while the plaintiff was driving along the street and in the act of crossing defendants' car line, the defendant the, Chicago Union Traction Company, by its servants, then and there so carelessly and improperly drove and managed its grip car and train of cars, that by and through the negligence and improper conduct of the defendant the Chicago Union Traction Company, by its servants in that behalf, said grip-car or train of cars struck the wagon of plaintiff, throwing him out and causing injuries.

If the declaration did not state a cause of action against all of the defendants the trial court erred in not sustaining the motion in arrest of judgment made by any defendant against whom a cause of action was not stated, and the Appellate Court did not err in reversing the judgment, which was a unit. (*West Chicago Street Railroad Co.* v. *Morrison,* 160 Ill. 288; *South Side Elevated Railroad Co.* v. *Nesvig,* 214 id. 463.) Inasmuch as the remanding order was struck out on the motion of the plaintiff in the suit, no complaint is or can be made that the cause was not remanded for any further proceedings. If the declaration did not state a cause of action against any of the defendants the final judgment of the Appellate Court was right, regardless of the motion by which the remanding order was vacated. It will be at once noticed that the declaration made no charge, in any count, of negligence on the part of either set of receivers. There was no allegation that the receivers of the West Chicago Street Railway Company ever did anything or had any possession or con-

trol of the car or train or had anything to do with the accident. There was a general averment in each count that the defendants were street railroad corporations, which was a legal absurdity as applied to the receivers, who were natural persons. If it were possible to construe the averment as applying to the railway company which was a defendant and the companies for which the other defendants were receivers, and as alleging that such corporations were possessed of the railway system, then it would follow, as a matter of law, that the receivers would not be liable for the acts of such corporations. That construction is not possible, however, since but one corporation was a defendant. There were charges in the first and third counts that the defendant the Chicago Union Traction Company, which was not a defendant, was possessed, by its receivers, of the street railroad and operating the same; and that also was legally impossible, since a corporation, after the appointment of receivers, has no possession or control over its property and no voice in the selection of the servants or power to direct their acts. After the averments that the defendants were railroad corporations and possessed of the street railway system, there were averments of the leases from one corporation to another, and finally that the sub-lessee, the Chicago Union Traction Company, by its servants, was possessed of and operating the grip-car and train in question and that it was guilty of all the negligence charged. There was no allegation that either of the sets of receivers had possession of or operated the grip-car and trailers in question or had anything to do with them. The Chicago West Division Railway Company, the original owner and lessor, was a defendant, and it might be liable for the negligence of its lessee or sub-lessee, but it would not be liable for the negligence of the receivers or either of them. The grant of a franchise by the State to build, own or operate a street railway carries with it a duty to use the property and manage and control it so as not to

do any unnecessary damage to the persons or property of others, and if the owner of the franchise authorizes or permits a lessee to use its tracks, the company owning the railway, and to which the franchise was granted, will be liable. (*Pennsylvania Co.* v. *Ellett,* 132 Ill. 654.) The injured party may look for indemnity to the corporation to which the franchise was granted as well as the company which has been permitted to use the tracks, and the servants of the latter will be regarded as servants of the owner. But the possession of a receiver is not the possession of the corporation owning the franchise and tracks, but is antagonistic to it. The owner cannot control the receiver or his employees and is not liable for injuries inflicted by him or them. (High on Receivers, sec. 396; *McNulta* v. *Lockridge,* 137 Ill. 270.) It was therefore impossible, as a matter of law, that the Chicago West Division Railway Company and the receivers of the two corporations who were defendants, and the Chicago Union Traction Company, which was not defendant, were possessed of and operating the road at the same time. If, as contended by counsel, the declaration was intended to charge the receivers with negligence, the lessee, the Chicago Union Traction Company, would not be liable for such negligence, and if the lessee was not liable, the lessor, which was a party to the suit, was not. Even if the receivers of the Chicago Union Traction Company had been alleged to be guilty of negligence, neither the West Chicago Street Railway Company nor its receivers could be held liable on account of such negligence. In no possible view of the declaration was there any cause of action stated against either set of receivers, and upon the theory by which the action of the trial court is sought to be sustained no cause of action was stated against the railway company which was a defendant. With all the intendments in its favor after verdict, there is no consistent theory upon which it states a liability of any defendant.

If a declaration is so defective that it will not sustain a judgment, its insufficiency may be taken advantage of on a motion in arrest of judgment or on error. (*Wilson* v. *Myrick,* 26 Ill. 34; *Schofield* v. *Settley,* 31 id. 515; *Kipp* v. *Lichtenstein,* 79 id. 358; *Joliet Steel Co.* v. *Shields,* 134 id. 209; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.) A motion in arrest of judgment is based on the record proper, and in considering such a motion the court does not look into the evidence. (*Danley* v. *Hibbard,* 222 Ill. 88.) In this case motions in arrest of judgment were made and overruled and the rulings were excepted to. The motions were made verbally and the reasons were not specified. It is contended that the motions were insufficient to preserve the question of the sufficiency of the declaration because the record does not show that the particular reasons were pointed out. There was no requirement by the court that the motions should be put in writing or specific grounds stated, and it will be presumed that every proper reason for arresting judgment was presented to the court.

It is further contended that the defendants waived the questions raised on the record in this way: At the close of the plaintiff's evidence the attorney for the defendants admitted that the Chicago West Division Railway Company had a license from the city of Chicago; that it was transferred to the West Chicago Street Railroad Company, which leased to the Chicago Union Traction Company its rights to operate the road from June 1, 1899, and that receivers were appointed by the United States District Court for the Chicago Union Traction Company and the West Chicago Street Railway Company. That admission had no more effect than if the facts admitted had been proved, and could not operate as a waiver of any right to question the sufficiency of the declaration by motion in arrest of judgment. There was no admission of any legal conclusion as there was in *Eckels* v. *Muttschall,* 230 Ill. 462. There

was only an admission of matters of fact which might have been proved.

The trial court erred in ruling on the motions in arrest of judgment and the Appellate Court did not err in so holding and reversing the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*