## Sidney M. Pitt *et al.*

*v.*

## David M. Swearingen.

1. Appeal bond—*in forcible entry and detainer.* The sixth section of the "Act to amend chapter 43, of the Revised Statutes of 1845, entitled 'Forcible Entry and Detainer,'" in force February 16, 1865, does not repeal that part of the amended statute which requires the appeal bond in cases of forcible entry and detainer to contain a clause for the payment of all rents becoming due, etc., but simply requires the bond to contain additional guaranties for the benefit of the plaintiff.

2. Same—*recovery of rent in suit on.* When the appeal bond given by the defendant in an action of forcible entry and detainer contains no clause for the payment of rent, as required by the statute, or any words from which the payment of rent can be implied, no recovery of rent can be had in a suit upon the same.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of debt, by David M. Swearingen against Sidney M. Pitt and John Phiper, upon an appeal bond, given on appeal in a forcible entry and detainer suit. The bond was the common, ordinary appeal bond, conditioned for prosecuting the appeal with effect, and the payment of the judgment, costs, etc., rendered on the trial or dismissal of the appeal. In the circuit court the plaintiff recovered for rents of the premises.

Mr. J. S. WOLFE, for the plaintiffs in error.

Mr. S. F. WHITE, for the defendant in error.

Per CURIAM: The sixth section of the "Act to amend chapter 43, of the Revised Statutes of 1845, entitled 'Forcible Entry and Detainer,'" in force February 16, 1865, does not repeal so much of the statute amended as requires, in cases of appeals in forcible entry and detainer, that the bond shall contain a clause conditioned for the payment of all rents becoming due, etc., but simply contains additional guaranties, to be observed by the defendant appealing, for the benefit of the plaintiff.

The bond in suit in the present case contains no clause providing for the payment of rent, as required by that statute, nor can it, by legal implication, be held to embrace rents.

The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*