## Joseph Pierson et al., Appellees, v. O. E. Lawyer et al., Appellants.

1. FORCIBLE ENTRY AND DETAINER—*effectiveness of appeal bond as common-law obligation though insufficient under statute.* An appeal bond in a forcible entry and detainer case, though not good as a statutory bond because it fails to provide for payment of "all rent then due or that may become due before the final determination of the suit," may be binding as a common-law obligation.

2. FORCIBLE ENTRY AND DETAINER—*estoppel of appellants to deny validity of appeal bond.* Appellants who have obtained all the benefits of an appeal bond in a forcible entry and detainer case are estopped from denying its binding obligation.

3. FORCIBLE ENTRY AND DETAINER—*proof of damages in action upon appeal bond.* In a suit upon an appeal bond given in a forcible entry and detainer case and obligating appellants to pay "all damages and loss which the said plaintiffs herein shall sustain by reason of the withholding of the possession of the premises," where it appeared that during the pendency of the appeal the possession of the greater portion of the premises was withheld from appellee, it was proper to show the value of such use and occupation to establish the true measure of damages.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed April 22, 1922.

GEORGE M. MORGAN and L. E. STONE, for appellants.

JOHN G. FRIEDMEYER, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment in an action of debt upon an appeal bond given in a forcible entry and detainer suit on appeal from the circuit court of Sangamon county to this court. The judgment of the circuit court in the forcible entry and detainer suit was by this court affirmed in *Pierson v. Lawyer*, 215 Ill. App. 657. Suit was thereafter brought upon the appeal bond which resulted in a judgment in favor of ap-

pellees against appellants, the damages being fixed at $2,258.80.

Numerous errors were assigned upon the record, but they have all been abandoned by appellants except that the bond was not in the form of the statute; that the language of the bond does not cover rents for the time appellants occupied said premises, and that no recovery can be had thereunder for the rental value of the premises.

The appeal bond sued upon contained the following provisions: "Now, if the said O. E. Lawyer, shall duly prosecute said appeal, and shall, moreover, restore said premises and pay all costs, interest and damages rendered, and to be rendered against him, and all damages and loss which the said plaintiffs herein shall sustain by reason of the withholding of the possession of the premises and by reason of any injury done thereto during said period of withholding and in case the said judgment shall be affirmed in the said Appellate Court, then the above obligation to be null and void; otherwise to remain in full force and virtue."

Section 19 of chapter 57, Rev. St. Ill. [Cahill's Ill. St. ch. 57, ¶ 20] provides with reference to appeals in forcible entry and detainer suits that: "If the defendant appeals, the condition of the bond shall be that he will prosecute such appeal with effect, and pay all rent then due or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed or appeal dismissed; which said bond shall be in sufficient amount to secure such rent, damages and costs, to be ascertained and fixed by the court."

It is apparent that the appeal bond sued upon did not comply with the requirement of the statute in that it did not provide for the payment of "all rent then due or that may become due before the final determination of the suit."

In *Pitt v. Swearingen,* 76 Ill. 250, it was held that where the appeal bond given by the defendant in an action of forcible entry and detainer contains no clause for the payment of rent, as required by statute, nor any words from which the payment of rent can be implied, no recovery of rent can be had in a suit upon such bond.

We do not deem the rule there laid down a bar to a recovery in this case of the fair cash rental value of the premises withheld.

In *Moses v. Royal Indemnity Co.,* 276 Ill. 177, it was said: "One signing the bond cannot be heard to say that the appeal bond is a nullity or question the truth of the recitals in the bond that the appeal was obtained thereby. The obligor is bound by such recitals in the bond. (*Meserve v. Clark,* 115 Ill. 580.) The giving of this bond being neither prohibited by statute nor contrary to public policy, it is a common-law obligation. The defendant, and his surety by signing this bond, obtained all the benefits of the bond. They are both now estopped from denying its binding obligation. *Mix v. People,* 86 Ill. 329; *Courson v. Browning,* 78 Ill. 208; *George v. Bischoff,* 68 Ill. 236."

While the bond sued upon was not a good statutory bond, it is binding upon appellants as a common-law obligation. It obligated appellants to pay "all damages and loss which the said plaintiffs herein shall sustain by reason of the withholding of the possession of the premises." Appellants having obtained all the benefits of the bond, they are now estopped from denying its binding obligation.

The evidence showed that during the pendency of the appeal the possession of the greater portion of the

premises was withheld from appellees and appellees therefore suffered loss and damages by reason of the loss of the use and occupation of the portion of the premises withheld.

No allowance was made to appellees for back rent, but, on the contrary, when appellees attempted to prove such claim an objection by appellants was sustained by the court.

In *Rehm v. Halverson,* 197 Ill. 378, the court said: "We are of the opinion that it was proper to show the value of such use and occupation under the terms of the bond in order to establish the true measure of damages. The value of the use and occupation of the premises, during the time they were withheld from appellee, was the measure of the loss and damage sustained by reason of the withholding of the same * * * and it was proper to show the value of their use and occupation during the period of withholding."

The rule laid down in the latter case seems to be the rule followed by the circuit court and it did not err in so doing.

The judgment of the circuit court is affirmed.

*Affirmed.*