Village of Clarendon Hills, Appellant, v. The Century Indemnity Company, Appellee.

Gen. No. 40,294.

Opinion filed April 24, 1939. Rehearing denied May 8, 1939.

JAMES H. COONCE, of Chicago, for appellant.

DENT, WEICHELT & HAMPTON, of Chicago, for appellee; LOUIS L. DENT, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff filed its second amended complaint in chancery against defendant to reform a bond executed by defendant to John Jasper Butler, collector of the Village, conditioned that he faithfully perform the duties of the office; that through mistake the bond as executed was a fidelity bond and not an official bond; that Butler was short in his accounts $1,545.88, and the prayer was that the bond be reformed and enforced. Defendant's motion to strike was sustained, the suit dismissed and plaintiff appeals.

The substance of the allegations of the second amended complaint is that John Jasper Butler was appointed village collector September 16, 1931; that he qualified and continued in that office until June, 1933; that before entering upon his duties he applied to defendant for a bond; that about the time he was appointed he gave to the Village a bond executed September 28, 1931, by himself as principal and defendant as surety; that all parties intended the bond to be in compliance with par. 87, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.178]; that the bond was accepted by the board of trustees of the Village but was not exhibited at that time; that by reason of the mistake of defendant and Butler the bond was not an official bond for the village collector, but a fidelity bond; that by mistake of defendant and Butler the position of Butler, as stated in the bond, was "Office Clerk" instead of "Village Collector," and by mistake plaintiff, the Village, accepted the bond thinking it was in compliance with the statute; that defendant, in drawing up the bond, which was on one of its printed blank forms, filled out the wrong form.

It was further alleged that Butler collected $1,545.88 which he failed to turn over to the village treasurer, as the ordinance of the Village required, and the prayer of the complaint was that the bond be reformed so as to carry out the intention of the parties.

Section 4, art. 6, par. 87, ch. 24, Ill. Rev. Stat. 1937, provides that all officers of a village, whether elected or appointed, shall, before entering upon their duties take and subscribe to an oath which is set forth, and that all such officers, except aldermen and trustees, shall, before entering upon their duties, ''execute a bond with security, to be approved by the . . . board of trustees, payable to the . . . Village, in such penal sum as may, by resolution or ordinance, be directed, conditioned for the faithful performance of the duties of the office and the payment of all moneys received by such officer, according to law and the ordinances of said . . . village. . . . Such bonds shall be filed with the clerk.'' The provisions of this section, in legal contemplation, enter into and form a part of the bond in suit.

Defendant contends that the second amended complaint was insufficient because (1) ''there is no allegation of any antecedent agreement to the effect that a Village Collector's bond should be given''; that (2) ''there is no allegation that the alleged mistake was mutual or common to plaintiff and defendant''; (3) that the mistake was not one of fact but of law; (4) that the allegations of the complaint show the plaintiff was guilty of negligence in that it did not read the bond; and (5) there is no allegation that Butler, in obtaining the bond, was acting as agent for plaintiff or that plaintiff ever asked defendant for a bond of any kind.

There are needless repetitions in the allegations of the complaint, contrary to the provisions of section 33 of the Civil Practice Act (sec. 33, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.033]). We refer to

but one, e. g., reference is made 14 times to paragraph 78 [87] of the statute above referred to when once would have been sufficient. Section 33 of the Civil Practice Act provides that "All pleadings shall contain a plain and concise statement of the pleader's cause of action." Nor is the complaint concise, as suggested in the forms found in the appendix to the rules of civil procedure of the district courts of the United States recently adopted by the Supreme Court of the United States. See also *Reiter v. Illinois Nat. Casualty Co.*, 291 Ill. App. 30; *Kelly v. Boettcher*, 85 Fed. 55. The court in the *Kelly* case said: "Lord Keeper Bacon made an order that no bills should contain more than 15 sheets of paper; and Lord Chancellor Egerton followed it with another, to the effect that no sheet could contain more than 15 lines, and an excess of the alloted quantity furnished good ground for demurrer. Story Eq. Pl., sec. 266, note 1."

We think it clear it was unnecessary to allege that there was an antecedent agreement between plaintiff and defendant. Plaintiff would not be a party to the agreement. The bond was to be furnished by Butler as the statute provided; he obtained it from defendant surety company and presented it to plaintiff. We are also of opinion it sufficiently appears from the allegations that Butler, the village collector, applied to the defendant surety company for a bond to be given by him to the Village which should comply with the provisions of paragraph 87 above mentioned; that through a mutual mistake of Butler and defendant the wrong form of bond was filled out by defendant, and through mistake and oversight this bond was approved by the Village officials. This is sufficient.

We are further of opinion that the alternative allegations of the complaint to the effect that if it were held there was no mistake in the preparation of the bond, then defendant, through its agent, intended to de-

fraud the plaintiff, are merely conclusions of the pleader and wholly insufficient.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to overrule defendant's motion to strike the second amended complaint.

*Reversed and remanded with directions.*

McSurely, P. J., and Matchett, J., concur.