(No. 29894.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRISON PARKER, Plaintiff in Error.

*Opinion filed May 22, 1947—Rehearing denied September 15, 1947.*

HARRISON PARKER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Per CURIAM: The defendant, Harrison Parker, was adjudged guilty of criminal contempt in the criminal court of Cook county. He was sentenced to imprisonment in the county jail for six months. This writ of error is brought on the ground, among others, that the judgment infringes defendant's constitutional rights of freedom of speech and freedom of religion.

The information charged Parker with composing, signing and mailing a letter to the foreman of the Cook county grand jury, which had just been convened. The letter was set out *in haec verba* in the information. Motions for change of venue and to quash the information were overruled. In his amended answer Parker admitted the signing of the letter, but asserts that he signed it only in his capacity as an officer of the Puritan Church. He denied that the letter was contemptuous and insisted that it was composed by the Puritan Church and deposited in the mails in the

furtherance of church duties, and in the exercise of the constitutional rights of freedom of speech and freedom of religion. Any intention of showing contempt of court is disavowed, and it is pointed out that the letter contained no vicious and inflammatory language.

In substance the letter charged that the Tribune company and a certain political machine had connived together to steal one hundred million dollars from Cook county, in the form of unpaid taxes and penalties. It further charged that stockholders in the company had received huge sums of money in the form of dividends, on which no taxes had been assessed or paid. The letter concluded with an offer to appear before the grand jury and produce evidence in support of the accusations.

The defendant has been previously convicted of contempt of court for addressing voluntary communications to the grand jury of Cook county. That conviction was sustained by this court. (*People* v. *Parker*, 374 Ill. 524.) The subject matter of the letter in this case is strikingly similar to the subject matter of the letters addressed to the grand jury and considered in the former case. Accusations of stealing one hundred million dollars by tax evasion are directed toward the same publishing company, its stockholders, and certain public officials. The principal difference is that the letter in this case is not couched in the same vicious and inflammatory language that characterized the previous communications to the grand jury. By tempering the tone of his accusations, Parker seeks to escape the rule which forbids communicating with the grand jury, except through recognized lawful channels. This he cannot do. In our former decision we quoted with approval the language of Mr. Justice Field and adopted the rule laid down by him. What we said there applies with equal force to this case. The obvious purpose of communicating with the foreman of the grand jury was to incite the grand jury into action against those accused

in the letter. The grand jury was invited to call for the production of evidence which the communication stated was in the possession of the Puritan Church. This was an unofficial volunteer communication to the grand jury, inviting them to start, on their own authority, a prosecution against those accused in the communication. The sending of a communication, such as that set out in the information, to the foreman of the grand jury constitutes contempt of court. (Wharton on Criminal Practice and Pleading, 8th ed., sec. 307.) Since the letter was incorporated in the information and shows on its face that the writer is in contempt of court, the trial court properly overruled the motion to quash the information.

Defendant contends that the court erred in overruling his petitions for change of venue. One petition was for a change of venue from two of the judges of the criminal court, while a second petition was for a change of venue from Cook county. The petition for change of venue on account of prejudice of two of the judges does not come within the provisions of the venue statute in contempt proceedings. (Ill. Rev. Stat. 1945, chap. 146, par. 21a.) The right to change of venue is statutory, and the applicant must bring himself within the statutory requirements. (*People* v. *Doss,* 382 Ill. 307.) No other provision for change of venue in contempt cases appears in the statute. Contempts are *sui generis* as to the general statute pertaining to change of venue in criminal cases. *People* v. *Doss,* 382 Ill. 307; *People ex rel. Rusch* v. *Kotwas,* 363 Ill. 336.

The petition for change of venue from Cook county is not set out in the abstract. An affidavit attached to the petition covers more than thirty pages of the abstract. Whether or not prejudice exists in the minds of inhabitants of a county is a question of fact, to be determined in the sound discretion of the trial judge. (*People* v. *Touhy,* 361 Ill. 332.) While the affidavit filed in support

of the petition contained many wild and scandalous charges against certain individuals and public officials, it utterly failed to include any facts from which it might be reasonably inferred that the inhabitants of the county had been influenced against defendant. The court did not err in overruling the petitions for change of venue.

Defendant's defense is built on the theory that the letter was written, signed and directed to the foreman of the grand jury in the exercise of the constitutional rights of freedom of speech and freedom of religion. These constitutional guaranties were never intended to, and do not, constitute a license to engage in conduct tending to obstruct the administration of justice. (*People* v. *Doss*, 382 Ill. 307.) Defendant cannot avail himself of the constitution as a shield behind which to hide his contemptuous conduct.

Other contentions of defendant are the same as those raised in his former case. There is no occasion for this court to change the views therein expressed. *People* v. *Parker*, 374 Ill. 524.

The judgment will be affirmed.

*Judgment affirmed.*