Cory Corporation, Appellee, v. Albert Fitzgerald et al., Defendants.

Appeal of Pat Amato et al., Appellants.

Gen. Nos. 44,339, 44,345.

NIEMEYER, J., dissenting.

Opinion filed November 1, 1948. Rehearing denied December 10, 1948. Released for publication December 10, 1948.

MEYERS, MEYERS & ROTHSTEIN, of Chicago, for appellants; DAVID B. ROTHSTEIN and EDMUND HATFIELD, both of Chicago, of counsel.

PRITZKER, PRITZKER and CLINTON, of Chicago, for appellee; STANFORD CLINTON, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

The appeals in Nos. 44345 and 44339 have been consolidated for hearing. The first, No. 44345, is the in-

terlocutory appeal of Pat Amato, Irving Krane, Lee Lundgren, Irene Berman and Faye Campbell from a temporary injunction entered on November 3, 1947; the second, No. 44339, is the appeal of Pat Amato, Lee Lundgren and Irving Krane from an order entered on November 25, 1947 by the superior court of Cook county holding them in contempt of court for violating the temporary injunction. The order of contempt found fifteen individuals and two labor unions guilty and sentenced the three appellants each to a term of 90 days in the county jail of Cook county, Illinois. The two causes were consolidated here for convenience of disposition.

The temporary injunction appealed from was entered on November 3, 1947 and enjoined nine defendants from engaging in violence, threats, and certain other alleged illegal acts which the complaint charges were being perpetrated against plaintiff and certain of its employees at and about plaintiff's place of business, where a strike was then in progress.

The defendants enjoined were two unincorporated labor unions, the United Electrical, Radio and Machine Workers of America, affiliated with the C. I. O. and Local 1150, an unincorporated association chartered by the United Electrical, Radio and Machine Workers of America, and seven individuals, enjoined as individuals and as officers of the two unions, namely, Albert Fitzgerald, President, and Ernest DeMaio, Vice President, of the National Union; Pat Amato, President, Irving Krane, Business Manager, Lee Lundgren and Irene Berman, Field Representatives, of Local 1150, and Faye Campbell, a member of Local 1150.

The notice of a motion for hearing on application for temporary injunction was served on certain of the defendants at 1:30 p. m. November 3 by leaving three copies of the complaint for injunction and notice at the office of the local labor union directing defendants to appear before the Honorable ROBERT E. CROWE, one of

the judges of the superior court of Cook county, Illinois, at 2:00 p. m. the same day. The defendants Fitzgerald and DeMaio and the labor unions defendants were not served with summons, nor was any appearance' entered for them until some two months after the issuance of the injunction, when they entered special appearances. Upon the case being called at 2:00 p. m. on November 3, a petition for change of venue on account of prejudice of the trial judge was presented by the defendants and signed by five of the seven individual defendants (excluding Fitzgerald and DeMaio). Notice of the petition for change of venue was served on the attorneys for plaintiff before the convening of court. Upon presentation of the petition to the trial judge the motion was denied on the grounds that it had not been signed by three-fourths of the defendants as required by statute. The temporary injunction limiting the number of pickets to ten was issued, without bond, at this hearing. At the same hearing, the trial judge stated he would give defendants an opportunity to file an amended petition for change of venue and an opportunity to be heard on November 5.

On November 5 plaintiff filed a petition for a contempt citation. On this day the trial court formally denied defendants' petition for change of venue *nunc pro tunc* as of November 3. At the same hearing a second petition for change of venue challenging the court's right to hear the contempt charges on the grounds of prejudice was filed on behalf of the same five individual defendants, and this petition for change of venue was also denied. Apparently no further action was taken by the trial court on this citation.

On November 14 an order was entered modifying the temporary injunction by reducing the number of pickets allowed from ten to four. On November 24 the contempt citation out of which this appeal arises was called up for hearing at 9:00 a. m. Counsel for de-

fendants was late in getting into the courtroom and the first witness was on the stand at the time that he arrived. He interrupted the proceeding to serve notice on the attorney for plaintiff with a copy of a petition for change of venue alleging prejudice on the part of the trial judge, which petition was then filed, and the trial judge overruled the motion without assigning any reason. On the following day, November 25, the hearing being completed, the court found the defendants Amato, Lundgren and Krane guilty of contempt, and ordered them taken into custody by the sheriff. The court refused to fix an appeal bond, directing the defendants to the Appellate Court, where a bond was entered on November 27, the defendants remaining in jail over the intervening Thanksgiving holiday.

Numerous errors are assigned as grounds for reversal of both the injunctional order of November 3 and the order of commitment for contempt of November 25. In our view of the case we deem it necessary to consider but one, namely, whether or not the court erroneously denied the petitions for change of venue filed on November 3 and November 24.

The trial judge assigned as his reason for denying the petition for a change of venue of November 3, and appellee vigorously argues here, that the petition was not in accordance with the statute providing (par. 9, ch. 146, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 107.324]): ''When there are two or more plaintiffs or defendants, a change of venue shall not be granted unless the application is made by or with the consent of at least three-fourths of the parties, plaintiff or defendant, as the case may be. . . .''

In determining whether or not the statute means that three-fourths of the parties *named* as plaintiffs or defendants, or whether or not it means three-fourths of the parties plaintiffs or defendants properly before the court, we are mindful of the pronouncement of the Supreme Court in *People v. Scott,* 326 Ill. 327, wherein

it is stated (p. 341): "The spirit of our laws demands that every case, whether a statutory proceeding or otherwise, shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in so doing is open to such serious question as that presented by this record. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, *and should be construed so as not to defeat the right attempted to be attained therein.*" (Italics ours.)

It is our considered opinion that in determining what constitutes three-fourths of the defendants for the purpose of satisfying the statutory requirement that application for change of venue must be made by or with the consent of three-fourths of the defendants, only those defendants need be considered who have been served with summons, or, not having been served, made an appearance. In the case of *Stauber v. Stauber*, 200 Ill. App. 137, which was decided under a statute then (1916) in force to the effect that the consent of all defendants to a change of venue was required where there were two or more defendants, and where an unserved defendant did not consent to the filing of the petition, the court said (p. 140): "It is argued that for that reason the change was properly denied. Katherine Conness was not served with summons. She did not enter her appearance. She was not before the court. No proceeding in the cause could bind her. . . . We therefore hold that a person who had been named as a defendant but who had never been served with summons nor entered an appearance was not a defendant whose consent was necessary under the statute."

Plaintiff recognizes the logic of the rule laid down in the foregoing case but attempts to distinguish the instant case by stating that where the issuance of a preliminary injunction is involved the rule is different because it is not a prerequisite to the issuance of a

preliminary injunction that the defendants be served with summons. He concludes, therefore, that where the issuance of a temporary injunction is involved, it is only necessary to name a party defendant in a bill in order to require his consent to the filing of a petition for change of venue. We are unable to follow the logic of this reasoning. It would seem to us that we are not here concerned with the requirements of notice in an emergency, but with what constitutes a party properly before the court for the purpose of determining whether it is necessary to take such party's wishes into consideration in judging of the validity of a petition for change of venue filed by coparties.

While it is true that under established equity practice, a plaintiff need only serve notice on the defendants named to apply for a temporary injunction, and is not required to wait until the defendant is served with summons, and while the notice may be sufficient to bring the party before the court for that purpose, it could hardly be said that he is before the court for all purposes. If it were otherwise, plaintiff might also argue that being before the court on the application for temporary injunction, he need not serve defendants with summons but could proceed to a hearing and to a final judgment. Obviously, the court cannot obtain jurisdiction of the defendants to proceed to final judgment without service of summons or entry of an appearance.

The response to the notice for an application for injunction is not such an appearance as would entitle the court to proceed to a final hearing and judgment without service of summons or entry of appearance. A judgment entered without it would be without due process of law.

Even though it be held that in a proceeding for injunctional relief, mere notice to the parties defendant is sufficient to qualify them as parties whose consent was necessary under the venue statute, we are of the opinion that the facts herein establish more than

three-fourths of the defendants served with notice consented to the petition for change of venue.

There were nine named defendants, including the five individuals who signed the petition, DeMaio, who is described as an officer of the local union, and Fitzgerald, who is named as an officer of the national union, together with the local and the national labor unions. The notice in this case was served by leaving the same, together with three copies of the complaint, at the office of the local union. The five individuals who signed the petition for change of venue, namely, Amato, Krane, Lundgren, Berman and Campbell, were all named in plaintiff's complaint as officers of Local 1150 and members of the national union in this language: "The membership of the national union and of Local 1150 is extremely large and it would be impractical to bring all such persons before the Court as individual defendants. . . . Albert Fitzgerald, Ernest DeMaio, Pat Amato, Irving Krane, Lee Lundgren, Irene Berman and Faye Campbell have identical interests in all respects with the interests of the entire membership of the National Union and of Local 1150 in this proceeding, and said individual defendants are sued herein as representing all the individual members of the National Union and of Local 1150."

It is apparent, therefore, that if the labor unions were before the court, they were there only by virtue of the service of notice on the individuals named. Each of these individuals, with the exception of DeMaio and Fitzgerald, signed the petition for change of venue. If the labor unions were parties only by virtue of the service of notice upon the individuals herein named, and each of the individuals signed the petition for change of venue, then under any liberal construction it must be held that the labor unions consented to the petition for change of venue.

We are not impressed with plaintiff's argument to the effect that although an individual makes an oath that the trial judge is prejudiced against him

as an individual, he does not mean to imply that the same trial judge is in any respect biased against him when he appears in a representative capacity. This type of interpretation is not consonant with the liberal construction which must be given to the venue statute in order that its purpose of assuring defendants of a fair trial before an unbiased and unprejudiced judge may be had. It therefore appears that the five individuals and the two labor unions had consented to the petition for the change of venue. It further appears that the defendant Fitzgerald, the officer of the national union, was a nonresident and had his office in the State of New York. Under such circumstances we are of the opinion that he was not a proper party defendant within the meaning of the venue statute. It is our conclusion that under any view of the case but eight defendants received notice of the petition for temporary injunction, and seven, or more than three-fourths, consented to the petition for change of venue.

 There is no dispute between the parties, nor can there be any basis for dispute, about a law as well settled as the statutory right to a change of venue on the ground of prejudice of the trial judge, where the petition requesting the change is made in apt time and is in proper form. In such a case the judge to whom the petition is presented has no discretion but must without further inquiry grant the change.

 It is urged that even though the motion for change of venue was improperly denied that there was an obligation upon the defendants to obey the injunctional order until such time as it was set aside and that consequently the contempt finding is valid. Much discussion is had in the briefs as to whether or not orders made by a trial judge after denial of a valid petition for change of venue are absolute nullities or whether they are merely voidable. There is considerable authority in this State in support of the proposition that such orders are void and that all subsequent proceed-

ings are a nullity. *Daniel Boone Woolen Mills & Rock Island Garment Co. v. Laedeke*, 238 Ill. App. 92; *Yedor v. Chicago City Bank & Trust Co.*, 323 Ill. App. 42; *Agar Packing & Provision Corp. v. United Packinghouse Workers of America*, 311 Ill. App. 502. Defendant relies upon the case of *People v. Lee*, 311 Ill. 552, wherein the court made a distinction between the absence of jurisdiction and the wrongful exercise of jurisdiction, holding in effect that even though a petition for change of venue should have been granted, a wrongful act of the court in refusing to obey the law did not deprive the court of jurisdiction and that the orders of the court must be obeyed under penalty of contempt until set aside. This case seems to be without substantial support either before or since in the Illinois jurisdiction. The case of *People v. Scott, supra,* decided some years after *People v. Lee,* laid down this rule (p. 342) : ''This court has never recognized the doctrine stated by the trial court in passing upon this motion, that public policy urgently demands that motions for a change of venue should be denied in cases where the petitions are unjustified. The decisions of this court have at all times been to the effect that the presiding judge has no right to pass judgment upon the truth of the facts stated in the petition or upon the question whether or not he is, in fact, prejudiced against the petitioner. The statute gives an *absolute right* to a change of venue to the petitioner when his petition is duly made and verified and filed in accordance with the statute.'' (Italics ours.)

However, assuming the doctrine enunciated in *People v. Lee* be the law of this State, the case is readily distinguishable from the instant case for the reason that here a petition for change of venue was filed on November 24 at the beginning of the hearing upon which this commitment is predicated. This petition, signed by all of the defendants then before the court, challenged the right of the judge to hear the case

on the ground of prejudice. The first petition for change of venue challenged the right of the trial judge to hear and pass upon the question of whether or not a temporary injunction should be granted. This petition for change of venue challenged the judge's right to determine whether or not the injunction had been violated.

Some question has been raised as to whether or not this petition was filed in apt time inasmuch as the first witness had been sworn and some testimony adduced from him before counsel for defendants arrived with his petition for change of venue. The record does not show what length of time elapsed, but when it is considered that this hearing was convened at 9:00 a. m. and, although the court rules (Rule 2, Sec. 1, Superior Court Rules) provide for court to convene at 10:00 a. m., and in view of the further circumstance that counsel did not voluntarily participate in this hearing until after the petition was filed, we do not attach much importance to this short lapse of time. Particularly is this true in view of the fact that on three different occasions from the time the proceedings commenced petitions for changes of venue challenging the fairness of this particular chancellor were filed, indicating a continuous concern as to his prejudice.

The refusal of the chancellor to fix the bond and admit the respondents to bail was an arbitrary denial of the constitutional right of these respondents to bail and indicated that defendants' concern as to the prejudice of the trial judge was not without basis in fact.

The procedure before the chancellor in the instant case is similar to that which transpired before the same chancellor in *St. George v. One LaSalle Co.,* 333 Ill. App. 646 (abst.), where the injunction was reversed for the refusal of the chancellor to grant a change of venue because it was presented while the first witness was being examined in the absence of the counsel for the defendant.

Plaintiff contends that a change of venue does not lie in a contempt proceeding and in support of its contention cites the case of *People v. Doss,* 382 Ill. 307. The authority cited is readily distinguishable, the request for change of venue having been denied in this case because petitioner had already obtained two changes of venue in the contempt proceeding. The court said at page 311: "His complaint is that his third request was refused. For the adequate reason that under section 26 of the Venue Act [Ill. Rev. Stat. 1947, ch. 146, par. 26; Jones Ill. Stats. Ann. 107.342] he was entitled to only one change of venue, there was no error in the denial . . . ." Furthermore, the court stated at page 310: "The contempt charged against defendant was a constructive criminal contempt committed out of the presence of the court, one which partakes of a. criminal nature." Change of venue in criminal contempt is subject to different rules than is change of venue in civil contempt proceedings, in which category we hold the case under discussion to fall. In the late case of *People v. Parker,* 397 Ill. 305, the distinction is noted in the following language (p. 308): "Contempts are *sui generis* as to the general statute pertaining to change of venue in *criminal* cases." (Latter italics ours.) In the case of *Daniel Boone Woolen Mills & Rock Island Garment Co. v. Laedeke,* 238 Ill. App. 92, the distinction is well stated in the following language (pp. 96, 97):

". . . Proceedings for contempt are of two classes: (1) those prosecuted to punish for disobedience of the court's orders and having as the principal object the preservation of the power and the vindication of the dignity of the court; and (2) those prosecuted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights, and to administer the remedies to which the court has found them to be entitled. *Bessette v. W. B. Conkey Co.,* 194 U. S. 324.

"Contempts directed against the dignity and authority of the court are in their nature criminal or *quasi* criminal, and proceedings for their punishment generally conform to proceedings in criminal cases, while proceedings to punish for civil contempt are remedial in their nature and, as a general rule, the proceedings conform to the proceedings in civil cases. . . .

". . . In a number of jurisdictions the violation of an injunction against interference with a complainant's employees is held to be a criminal contempt, but in Illinois it is denominated a civil contempt. *O'Brien v. People,* 216 Ill. 354, at page 369; *Franklin Union No. 4 v. People,* 220 Ill. 355; *Hake v. People,* 230 Ill. 174."

We hold that under the authorities in this State a change of venue does lie in a contempt proceeding involving a civil contempt and that this appeal charging a violation of an injunction entered in a labor dispute, if a contempt, would be a civil contempt.

For the foregoing reasons the injunctional order of November 3, 1947 issued in cause No. 44345 is reversed, and the order in cause No. 44339 finding defendants Amato, Lundgren and Krane guilty of contempt of court is reversed, and both causes are remanded to the superior court of Cook county with directions to assign and transfer the cause to a judge of the superior court other than any one of those named in the petitions for change of venue herein.

*Cause No. 44339 and Cause No. 44345 reversed and remanded with directions.*

FEINBERG, P. J., concurs.

NIEMEYER, J., dissents. By the complaint the international and local unions and seven individuals are made parties defendant. It appears from the allegations of the complaint that all are necessary or proper parties. The notice of application for a temporary injunction was addressed to all the defendants. The affidavit of service states that service was had by de-

livering three copies of the notice,and complaint "to the defendants at the office of Local 1150 . . . ." The order for a temporary injunction recites "that due notice of the filing of said complaint and of the presentation of said motion for injunction has been given to the defendants." Nowhere in the record before the trial court is a proper attack made on the affidavit of service or the finding of the trial court as to the service of the notice and complaint. There is a statement of counsel for defendants that the unions had not been served and that two of the persons named defendants are nonresidents, but no attempt was made to prove these statements. On the final hearing, three weeks later, Lundgren, on cross-examination by his counsel when called by plaintiff as an adverse witness, testified that Fitzgerald's office was in New York and that, as far as he knew, Fitzgerald had not been in or around Chicago, and that DeMaio is out of town. This testimony is insufficient to overcome the affidavit of service and the finding of the trial court. If it were sufficient for that purpose it could not relate back and vitiate the action of the court taken three weeks before. As early as 1852 in *Hitt v. Allen,* 13 Ill. 592, our courts have held that "only those defendants between whom and the plaintiff a cause is pending wherein a trial is to be had," should be included in determining whether or not the requisite number had joined in or consented to an application for a change of venue. Parties in default and not brought within the jurisdiction of the court by process or voluntary appearance are excluded as parties defendant. However, par. 3, ch. 69, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 109.351], requires notice to defendants, or such of them as can conveniently be served before granting a temporary injunction, unless it appears by the complaint or affidavit that the plaintiff will be unduly prejudiced if the injunction is not issued without notice. Under this provision service of notice is as effective as service of summons

in giving the court jurisdiction of defendants for the purpose of determining the only triable issue then before the court: that is, the granting of the temporary injunction. By the service of the notice the court acquired jurisdiction of all the defendants, and the requisite three-fourths had not made or consented to the application for the change of venue. The position of the majority of the court that in making application for the change of venue the individual defendants were also making application on behalf of the two unions, is directly contradictory of the record. The application was made by them individually, without mention of the union. As heretofore stated, on presenting the petition counsel for defendants took the position the unions were not before the court. When the court suggested that he be given time to file a petition signed by the requisite number, counsel for plaintiff stated that he could not file a better petition later. As appears by stipulation, as late as January 19, 1948, when the unions entered a special appearance in the case, they were asserting want of jurisdiction over them. The petition for change of venue not having been made by the requisite number of the defendants, it was properly denied. The second petition for change of venue is not before us.

The third petition was presented too late. On Friday, November 21, 1947, the rule to show cause on which defendants were ordered committed to the county jail was entered. On the next day, November 22, the third application for change of venue was signed and sworn to by the requisite number of respondents to the rule to show cause. The hearing on the ruling to show cause was commenced Monday morning, November 24, at the hour fixed in the order of November 21. Counsel for defendants was late, as he had been late on several prior hearings in the cause. The court refused to delay the proceedings and, after a witness had testified to facts implicating the three de-

fendants appealing, in violation of the injunction, the attorney for the defendants appeared, served notice on counsel for plaintiffs in the court room and presented his petition for change of venue. Our courts have repeatedly held that a petition for change of venue must be presented at the earliest practical moment, and cannot be presented after the hearing has been commenced. *Commissioners of Drainage Dist. No. 1 v. Goembel*, 383 Ill. 323, 328. The present case is readily distinguished from *St. George v. One LaSalle Co.*, 333 Ill. App. 646 (abst.). In that case there was a question as to whether the court had not started the proceedings before the time set for the hearing. This case is more nearly analogous to *Ostro, Inc. v. Boydston Bros., Inc.*, 323 Ill. App. 137, where the attorneys left the court room after denial of a motion for continuance and returned 40 minutes later, after the trial had started, with a petition for change of venue, and the Third Division of this court held that it was presented too late. As the attorney for defendants had been late on prior occasions and had failed to notify the court in advance of his inability to appear at the time set for the hearing, and failed to give notice of his intention to present the application for change of venue which had been executed on the week day preceding the hearing, it cannot be said that the trial court abused his discretion in proceeding with the hearing in the absence of defendants' counsel and in denying the petition for change of venue presented after the hearing had commenced. The allegations of the complaint warrant the issuance of the injunction. The evidence on the rule to show cause supports the judgment of the trial court.

The orders appealed from should be affirmed.