**Alma Davis and Charles Davis, Plaintiffs-Appellees, v. Thomas W. Moore, et al., Defendants-Appellants.**

**Term No. 55–O–1.**

Fourth District.

November 1, 1955.

Released for publication December 5, 1955.

Robert H. Rice and Thomas P. O'Donnell, both of East St. Louis, for defendants-appellants.

Weihl & Weihl, of East St. Louis, for plaintiffs-appellees.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiffs, Alma and Charles Davis, filed an action of forcible entry and detainer against the defendants, Thomas W. Moore and wife, in a justice of the peace court. The plaintiffs obtained judgment for possession of the premises involved, on the 29th day of September, 1952, but an appeal was taken therefrom to the circuit court in which an appeal bond for the face amount of $200 was filed, with defendant, John Ferguson, as surety.

The plaintiffs again succeeded.in the circuit court and obtained a judgment for possession on April 6, 1953. The defendants then took an appeal to the appellate court, filing an appeal bond in the face amount of $1500 with the same surety.

Both of the appeal bonds were defective in form in that they failed to contain the provision for payment of all rent then due or to become due before the final determination of the suit. This condition is required by statute. Ill. Rev. St., Ch. 57, Sec. 20 [Jones Ill. Stats. Ann. 109.280].

The appeal to the appellate court was dismissed on February 23, 1954, for the reason that the notice of appeal and bond had not been filed within the five day period as required by the statute above cited. The appellate court noted that the bond was defective in form, but did not enter an order for the filing of proper bond, which appellants had offered to do, since the appeal had to be dismissed for the reasons indicated.

Thereafter the plaintiffs filed this suit against the original defendants and also included the surety. The complaint set up the foregoing history and asked the court to reform the bonds to include the full statutory coverage, stating the omission occurred through mistake or error, and asked judgment for the face amount of both. The complaint was attacked by motion which was overruled and defendants answered. After hearing evidence, the court reformed the bonds as prayed, and entered judgment thereon for $200 and $1500 respectively.

The evidence for plaintiffs included testimony that the Moores had withheld the premises during the entire period of litigation and finally vacated them on May 1, 1954; that the premises had never been rented, that the reasonable rental value thereof was $150 per month, and that other damages had accrued. Defendants offered no evidence, so that the proof was obviously sufficient.

521

The principal contention now made before this court is that the complaint did not state a cause of action, with argument based on the distinction between mistake of fact and mistake of law, the necessity of the mistake being mutual, and with citations of cases pertaining to reformation of deeds, etc.

In Village of Clarendon Hills v. Century Indemnity Co., 299 Ill. App. 604, it was held that, in a suit to reform the fidelity bond of a village collector to make it an official bond, the court would regard the requirements of the statute as a part of the bond, and recovery was allowed based on the statute, although the bond did not contain the required provisions.

Likewise, in People v. G. H. Cross Co., 361 Ill. 405, 419, the court ruled, "A statute requiring a bond constitutes a part of the bond, and it must be assumed that the bond is executed with reference to the provisions of the statute."

In Pierson v. Lawyer, 225 Ill. App. 400, the court held that an appeal bond in a forcible entry and detainer action, although it did not comply with the statutory provisions, was binding nevertheless, and that the people who had obtained a delay by filing such a bond would be estopped from denying that it was a binding obligation, and a recovery was allowed thereon.

The foregoing decisions are based upon sound reasoning and produce a just result. Accordingly, this court holds that the statutory requirements of an appeal bond are a part of such bond, whether fully recited therein or not, that it is not error for a court to decree a reformation of a bond to conform to the statute (although it may not be necessary), and that judgment may be entered on an appeal bond according to the provisions of the statute, regardless of any error in the form of the bond.

The question whether the error occurred through mistake of law or mistake of fact is irrelevant.

It would make no difference if the error was intentional rather than a mistake. The fact is that the defendants in the action obtained a delay of 6 months by their appeal from justice court, to the damage of plaintiffs far exceeding the face of the bond. A further delay of more than 10 months was obtained by the second appeal, again causing damages exceeding the face amount of the bond filed on that appeal. The defendants are now estopped to assert that the bonds did not comply with the statute.

The complaint was sufficient to state a cause of action, the proof was adequate, and the judgment of the circuit court was correct and it is affirmed.

Judgment affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.