**Orvel Kay, Plaintiff-Appellant, v. Marion Kay, Defendant-Appellee.**

**Gen. No. 49,142.**

First District, Third Division.

February 27, 1964.

Anna D. Marek, of Ontarioville, for appellant.

Joseph H. and Norman Becker, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This appeal is from an order denying the petition of the plaintiff to vacate the decree of divorce granted his wife.

In November 1962, the plaintiff, Orvel Kay, sued his wife for divorce on the ground of cruelty. The defendant, Marion Kay, filed her appearance on December 4, 1962. On December 17th she was granted leave to file a counter-complaint for divorce, which was also on the ground of cruelty, and the plaintiff was granted leave to file his answer to the counter-complaint—both instanter. The answer, signed for the plaintiff by his attorney, denied the acts of cruelty. On the same day a stipulation was filed, by counsel for the parties, to have the counter-complaint heard as an uncontested matter at the convenience of the court. The case was heard the same day. The court

found the issues for the defendant and ordered that a decree for divorce be prepared.

On December 19, 1962, the plaintiff served notice on his own and his wife's attorney that he would appear in court on December 20th and move to set aside the finding of December 17th and for an order allowing him to employ counsel. On December 20th he appeared pro se and made the motion. The motion to set aside the finding of December 17th was denied. The divorce decree was entered on January 2, 1963, after notice had been given to the plaintiff personally and to his former counsel. On January 30th the plaintiff, represented by new counsel, filed a petition to set aside the divorce granted his wife. This petition was also denied and the present appeal is from the order denying the petition.

The second petition stated that new evidence and fraud had been discovered since the entry of the decree; that the defendant first learned that he had been divorced through a newspaper article and that he had no counsel at the time the decree was issued. The new evidence was said to be that he was not guilty of the cruelty charged; that there had been no agreement as to property rights; that he had gone into debt to purchase their home; that he furnished the home but that his wife had taken some of the furnishings and that he had cancelled his life insurance at the persuasion of his wife.

The fraud was said to be that he was not allowed to attend, had no notice of, and had not consented to the divorce hearing; that his attorney filed an answer not signed by him; that his wife should have been defaulted for failing to answer his complaint; that no order was entered withdrawing his complaint for divorce; that he and his wife had been married only six months; that one of his wife's witnesses was unknown to him and had committed perjury; that the

court was not informed of the situation surrounding the marriage; that the court failed to consider the record and the complaint, and that the court did not allow him to procure new counsel.

As can be readily seen, much of what was designated as newly discovered evidence was not that at all, and much of what was designated as fraud was not fraudulent. Almost all of these contentions have now been abandoned. Just three assignments of error are raised in this appeal:

"(1)  The court erred in refusing to allow plaintiff to procure new counsel.

"(2)  The plaintiff's attorney had no authority to waive the rights of the plaintiff by entering into a stipulation with opposing counsel or by signing the plaintiff's name to the answer made to the defendant's counter-complaint.

"(3)  The defendant's attorney was put on notice by the stipulation entered into between counsel, which released the plaintiff's cause of action, to inquire into the authority of the plaintiff's attorney to make a settlement."

The first point urged by the plaintiff is that under the factual situation which prevailed at the time the motion was made, "The court erred in refusing to allow plaintiff to procure new counsel prior to the entry of the decree of divorce. . . ." The motion referred to is that of December 20, 1962, and the point is directed to the order entered on that date. However, the plaintiff has not appealed from the order of December 20th. His notice of appeal is limited to the order entered January 29, 1963.

"Orvel Kay, counter defendant, appellant, hereby appeals to the Appellate Court of Illinois from the Order entered in this cause refusing to set

aside or vacate the Decree of Divorce entered into the 2nd day of January, 1963 as set forth in the petition filed by Orvel Kay on January 29, 1963."

Moreover, the record does not show that the trial court refused to permit the plaintiff to obtain different counsel; the order of December 20th contains nothing to this effect. On the other hand, the record does show that the plaintiff replaced his counsel by representing himself. He served notice of his own motion on his counsel and on his wife's attorney, and filed it in the clerk's office on December 19th. He appeared in court, in the presence of his counsel, and made his motion pro se on December 20th. The decision to represent himself was the plaintiff's prerogative and he has no reason to complain.

The second point, that the decree should be vacated because the plaintiff's counsel exceeded his authority, also requires reference to the order of December 20th. The order is as follows:

"This cause coming to be heard upon motion of plaintiff and counter defendant Orvel Kay to set aside the hearing of this cause; the defendant being present in open court; and the attorneys of record being present; the court being advised in the premises and having jurisdiction.

"It is ordered that the motion to set aside the hearing of this cause be and the same is hereby denied."

No report of the proceedings on December 20th is in the record. The motion was to set aside the finding made by the court on December 17th, at which hearing the plaintiff was represented by his counsel. The authority of his counsel to do what he did on that day was necessarily put in issue by the motion. The order discloses that the plaintiff, the defendant and

450

their attorneys were present when the hearing on the motion took place. It must be presumed from the order that the chancellor heard adequate evidence or received sufficient information to sustain the decision he made resolving the issue against the plaintiff. Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559. It must be presumed that the chancellor was satisfied that the attorney had not exceeded his authority, for the finding of December 17th, including the stipulation and the property settlement, was not set aside. When the same issue was raised again in the plaintiff's second motion on January 30, 1963, the chancellor acted within his discretion in declining to reconsider it.

There were other points raised by the second motion that might not have been in issue on December 20th and which might not have been governed by the order of that date but, as we have mentioned heretofore, these points have not been assigned as error in this appeal.

■ The last point that is assigned is difficult to understand. It refers in part to the settlement incorporated into the decree. Both parties wanted a divorce, so it would appear that the provisions dividing the property of the parties and the alimony awarded the defendant are the root of the plaintiff's discontent. Their marriage lasted but five months and each had been married before. The plaintiff's complaint stated that the parties owned a home but that his wife did not contribute either to its purchase or to its furnishings. It prayed that she be ordered to convey her interest in the home to him and that she be compelled to return some articles she had taken when she vacated the premises. In her counter-complaint the defendant said that the home and the furnishings were acquired through their joint efforts and she prayed that they be awarded to her. The court found that the parties

451

had entered into a voluntary oral agreement, mutually settling their rights and claims. The plaintiff was awarded the home and the defendant was ordered to execute a quitclaim deed relinquishing all interest in it. The plaintiff was also awarded all the furnishings with the exception of draperies, mirrors, a dining room set, an automatic washer and a toaster. The decree further provided that the plaintiff would pay the defendant's attorney's fees of $1,000 and give her a lump sum settlement of $3,000 in lieu of alimony.

The point concerning this settlement, as stated in the plaintiff's brief, pertains to the attorney for the defendant and not to the court's order of January 30th. It is that the attorney was put on notice, ". . . to inquire into the authority of the plaintiff's attorney to make a settlement." The argument follows that an unreasonable settlement implies bad faith and, therefore, the defendant's attorney dealt with the plaintiff's counsel at his peril. We do not see what relationship this point has with the court's refusal to set aside the decree for divorce.

The order is affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.