Solomon N. Miller, Plaintiff, Counter-Defendant, Appellant, v. Beverly Jean Miller, Defendant, Counter-Plaintiff, Appellee.

**Gen. No. 51,499.**

First District, Second Division.

April 9, 1968.

William H. Rubin, of Chicago, for appellant.

Joseph H. and Norman Becker, and Harry G. Fins, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

A decree was entered in July 1961 granting a divorce to defendant, counterplaintiff Beverly Jean Miller, hereinafter referred to as "defendant," and awarding her alimony, child custody, and child support for the children. In the years following the entry of the decree, defendant filed several petitions for rules to show cause against plaintiff, counterdefendant Solomon N. Miller, hereinafter referred to as "plaintiff," for nonpayment of alimony and child support. On plaintiff's petition in October 1963, portions of the original divorce decree were modified as to alimony and child support.

In March 1966, defendant again filed a petition against plaintiff for a rule to show cause following his failure to make alimony and child support payments; hearing on the petition was set for April 21, 1966. Plaintiff thereupon filed another petition for modification of the 1963 amended decree as to alimony and child support, alleging as grounds a drastic change in his financial circumstances due to personal insolvency and the involuntary bankruptcy of his corporate business.

On April 14, 1966, the court entered the following order:

> "On Petition of Solomon N. Miller, Plaintiff and Counter-Defendant to abate the payment to the Defendant and Counter-Plaintiff of support and maintenance of the minor children and alimony and the Court being advised in the premises, the Court hereby orders:
>
> . . . . . .
>
> "2. That a sworn list of assets of the Plaintiff and Counter-Defendant be filed with this Court.
>
> "3. That a rule is hereby entered against the Plaintiff and Counter-Defendant to show cause. . . .
>
> "4. That payments continue to the defendant and Counter-Plaintiff until the further order of Court."

On May 9, 1966, plaintiff filed a petition for a "change of venue" from the trial judge and from seven other judges sitting in the Circuit Court of Cook County, which petition was subsequently denied. Plaintiff then filed his sworn statement of assets, as required under the April 14th order, and on May 12, 1966, the court entered an order denying plaintiff's petition for modification of the amended decree and holding him in contempt for failure to make alimony and child support payments. Plaintiff prosecutes this appeal from the order of May 9th denying his petition for a "change of venue," and from the May 12th order denying his petition for modification of the divorce decree and adjudging him in contempt.

█ Plaintiff's first contention is that the trial court erred in denying his petition for a change of venue, inasmuch as the statute regulating changes of venue (Ill Rev Stats 1967, c 146, par 1 through 17) grants a petitioning party an "absolute right" to a change of venue when the petition is made "in apt time and proper form," citing Cory Corp. v. Fitzgerald, 335 Ill App 579, 82 NE2d 485, and Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33, in support thereof. Before the petitioning party acquires an "absolute right" to a change of venue, the petition therefor must not only be made in "apt time and proper form," as plaintiff maintains, but it must also appear that the trial court had not theretofore ruled or otherwise acted upon any substantive matter in connection with the case. See Booth v. Metropolitan Sanitary Dist. of Greater Chicago, 79 Ill App2d 310, 224 NE2d 591; Marshall Savings & Loan Ass'n v. Henson, 78 Ill App2d 14, 222 NE2d 255. Were this latter condition not a prerequisite to the allowance of a petition for a change of venue, a litigant would be permitted to "forum shop" by means of first "testing the attitude of the trial judge," and if the attitude of the judge proved adverse to that party as to substantive matters connected with the case, the party would then be permitted to take his case before another tribunal.

140

Commissioners of Drain. Dist. No. 1 v. Goembel, 383 Ill 323, 50 NE2d 444.

■ In the instant case the trial court made two rulings on substantive matters connected with the case on April 14, 1966, over three weeks before the filing of plaintiff's petition for a change of venue. Although plaintiff's April 1966 petition for modification of the 1963 amended divorce decree requested a reduction of alimony and child support payments, the trial court's order of April 14th recited that the court was "advised in the premises," and ordered that the alimony and child support payments were to continue until further order of the court. Secondly, although not specifically requested in defendant's March 1966 petition for a rule to show cause, the court ordered on April 14th that plaintiff file a sworn statement of assets. Inasmuch as the court made such rulings prior to the filing of plaintiff's petition for a change of venue, we are of the opinion that the court did not abuse its discretion in denying the petition.

■■ The second point urged by plaintiff is that the trial court erred in denying him the right to interrogate defendant at the May 12th hearing in order to ascertain the extent of her personal and separate income and estate, and in refusing to modify the amended divorce decree with respect to alimony and child support in light of plaintiff's deteriorating financial condition. Plaintiff cannot be heard to complain in this regard inasmuch as the contention raises factual considerations whereas the record on appeal does not contain a report of proceedings of the May 12th hearing. It is well established that where the judgment or order appealed from recites that the court heard evidence and was "advised in the premises," and where the party assailing the judgment or order raises factual questions on the appeal and yet has failed to preserve such evidence in the record as is necessary to a proper resolution of those questions, it will be presumed that the trial court heard sufficient evidence to support

141

its determination. Skaggs v. Junis, 28 Ill2d 199, 190 NE2d 731; Kay v. Kay, 46 Ill App2d 446, 197 NE2d 121. Both of plaintiff's contentions, so far as they involve factual considerations, must consequently fail.

The fact that the order of May 12th recites that the court heard the testimony of plaintiff but does not indicate that it heard the testimony of the defendant does not alter the situation presented. If defendant did not testify and if, in the opinion of the plaintiff, defendant's testimony was necessary to a proper determination of the issues presented below, which again we are unable to determine due to the lack of a report of proceedings on this appeal, it became incumbent upon plaintiff to request that defendant be called to testify and to request a full hearing; the record again does not establish that plaintiff discharged this obligation. Saxon v. Saxon, 20 Ill App2d 477, 156 NE2d 229 (Abst.). (See page 2 of unreported opinion.)

The cases cited by plaintiff in support of his position are distinguishable on their facts; they involve questions resolved by the reviewing courts after a consideration of the matters preserved for the record on appeal. See e. g., Regan v. Regan, 38 Ill App2d 383, 187 NE2d 286; Gregory v. Gregory, 52 Ill App2d 262, 202 NE2d 139. Under the circumstances we are unable to say that the trial court erred in entering the order of May 12, 1966.

For these reasons the orders appealed from are affirmed.

Orders affirmed.

McNAMARA and LYONS, JJ., concur.